**JEFFERSON WARD STORES, INC. and Jefferson Stores, Inc.**

v.

**The DOODY COMPANY**

v.

**HARFORD CONSTRUCTION CO., Sabra Construction Co., et al.**

v.

**TURNER CONSTRUCTION CO., et al.**

v.

**GEORGE H. DUROSS, INC., et al.**

**Civ. A. No. 82–5832.**

United States District Court, E.D. Pennsylvania.

March 20, 1985.

See also 560 F.Supp. 35.

Robert M. Landis, Philadelphia, Pa., for plaintiffs.

Russell A. Kelm, Schwartz, Shapiro, Kelm & Warren, Columbus, Ohio, for Doody Co.

Thomas M. Kittredge, Raymond T. Cullen, Philadelphia, Pa., for Sabra Const. Co.

David Novack, Cherry Hill, N.J., for Harford Const. Co.

Alan H. Ross, Philadelphia, Pa., for Turner Const. Co.

Joseph H. Foster, I. Steven Levy, Philadelphia, Pa., for George H. Duross, Inc.

R. Thomas McLaughlin, Philadelphia, Pa., for Armstrong World Industries.

Joseph F. Van Horn, Jr., Philadelphia, Pa., for American Floors, Inc.

Arthur H. Rainey, Philadelphia, Pa., for Montgomery Ward & Co., Inc.

Gordon Gelfond, Philadelphia, Pa., for Avalon Commercial Corp.

Neil G. Epstein, Philadelphia, Pa., Kathryn L. Bedke, White & Case, New York City, for Tarkett, Inc. and GAF Corp.

Thomas S. Brown, Philadelphia, Pa., Alphonse P. Cincione, Columbus, Ohio, for Lajos Szabo, AIA.

Frederick C. Fletcher, II, Philadelphia, Pa., for John D. Lawrence, Inc.

Francis F. Quinn, Philadelphia, Pa., for Richardson Floor Covering Co.

Joseph M. Miller, Philadelphia, Pa., for Neshaminy Valley Carpet Co.

## MEMORANDUM

LUONGO, Chief Judge.

This action arose from the Doody Company's allegedly faulty installation of flooring in eleven Jefferson Ward retail stores. Among the many additional parties joined since the litigation began are Tarkett, Inc., GAF Corporation and Armstrong World Industries, manufacturers of the flooring which Doody installed. Doody filed a third-party complaint against the manufacturers in May of 1983, alleging that they had breached implied warranties of suitability and fitness with respect to the flooring they had provided.

In an order signed October 23 and entered October 25, 1984, I granted the motions of Tarkett, GAF and Armstrong for summary judgment against Doody. On November 2, Doody moved under Fed.R. Civ.P. 54(b) for entry of final judgment in favor of Tarkett, GAF and Armstrong and for certification that there were no just reasons to delay an appeal. On November 6, I entered an amended order granting summary judgment in favor of Tarkett,

GAF and Armstrong against all other parties to this litigation.

On November 9, 1984, Doody served a Notice of Stay. The notice indicated that on October 25, 1984, an involuntary petition in bankruptcy had been filed against Doody in the United States Bankruptcy Court for the Southern District of Ohio. Between November 13 and 16, Tarkett, GAF and Armstrong filed their responses to Doody's 54(b) motion. They argued that the Notice of Stay did not affect the motion and that the motion should be denied. I denied Doody's Rule 54(b) motion in an order entered November 21, 1984.

On November 29, 1984, Doody filed a motion to vacate all orders entered against it after October 25, 1984 and to stay further proceedings in this case. Doody noted that under 11 U.S.C. § 362(a) the filing of a petition in bankruptcy automatically stays all proceedings against the debtor. Therefore, Doody argued, all orders entered against it after the bankruptcy petition was filed were void and subject to being vacated under Fed.R.Civ.P. 60(b)(4). Specifically, Doody sought to vacate the order entered on November 21, 1984, denying its motion for entry of final judgment under Rule 54(b).[1]

In an order entered March 18, 1985, I denied Doody's motion to vacate. Because the parties have evinced some confusion concerning the impact of the order on further proceedings in this case, I am circulating this memorandum to explain the basis for and effect of my decision.

Section 362 of the Bankruptcy Code provides that the filing of a petition in bankruptcy "operates as a stay, applicable to all entities, of:"

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim

against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). According to the Court of Appeals for the Third Circuit, "[s]ection 362 by its terms only stays proceedings *against* the debtor. The statute does not address actions brought *by* the debtor which would inure to the benefit of the bankruptcy estate." *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982) (emphasis original). *Accord Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 61 (6th Cir.1983); *In re Ideal Roofing & Sheet Metal Works*, 9 B.R. 2, 3 (Bankr.S.D. Fla.1980).

The question raised by Doody's Rule 60(b) motion was whether all proceedings in this case are "against the debtor" and subject to the automatic stay merely because Doody, the debtor, was the party originally sued. Doody contended that the Third Circuit's holding in *St. Croix* requires an affirmative answer to this question. According to the Third Circuit,

> section 362 should be read to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.

*St. Croix*, 682 F.2d at 449 (emphasis original).

As Tarkett, GAF and Armstrong have noted, the Third Circuit's holding in *St. Croix* is not dispositive in this case. The court held that the characterization of an action as by or against a debtor should not change on the basis of who is appealing at a particular stage of the litigation. A third-party complaint is a separate, though related, claim brought within the context of

---

1. Doody did not claim that the automatic stay invalidated the October 25 order granting summary judgment against it or the November 6 order granting summary judgment against all other parties in favor of Tarkett, GAF and Armstrong.

ongoing litigation. The claim as to which I granted summary judgment on October 25, 1984, and as to which Doody sought entry of final judgment under Rule 54(b), was, at its inception, a claim brought *by* the debtor. Its character is not changed by the fact that it was brought in the context of a suit against the debtor rather than as an independent action. *See First Wisconsin National Bank v. Grandlich Development Corp.*, 565 F.2d 879, 880 (5th Cir.1978) (automatic stay did not bar district court's dismissal of debtors' counterclaim in action originally brought against debtors, "because the counterclaim was not a proceeding *against* the debtors") (emphasis original); *In re Regal Construction Co.*, 28 B.R. 413, 416 (Bankr.D.Md.1983).

Because Doody's third-party complaint and the motions filed in connection with it are not proceedings against the debtor, the automatic stay did not apply to the order denying Doody's 54(b) motion and the order was not void under § 362. I thus found no basis to vacate the order under Rule 60(b)(4). *First Wisconsin*, 565 F.2d at 880. I recognize, of course, that any further proceedings in this case which *are* against the debtor will be barred by the automatic stay, relief from which can be granted only by the bankruptcy court. *Cathey*, 711 F.2d at 62–63; *St. Croix*, 682 F.2d at 448.