BRUCK MANUFACTURING CO. et al., Appellees,

v.

MASON, Appellant; Bruck et al., Appellees.

[Cite as *Bruck Mfg. Co. v. Mason* (1992), 84 Ohio App.3d 398.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63600.

Decided Dec. 21, 1992.

*Arthur L. Clements* and *James S. Carnes,* for appellees.

*Lawrence J. Courtney,* for appellant.

---

*Per Curiam.*

Defendant-appellant Howard Mason's two assignments of error lack merit. The trial court did not err in granting the motion for summary judgment filed jointly by new-party plaintiff Bruck Manufacturing Company ("Bruck"), third-party defendants George and Darryl Bruck, and plaintiff Bruck Manufacturing Company Employees Profit Sharing Plan & Trust ("Bruck Trust"). The trial court, also, properly denied defendant's motion for summary judgment. The trial court correctly ruled that all claims, including the counterclaim and third-party claim, were disposed of by the bankruptcy court and that appellant's claims were precluded under the principles of equitable or judicial estoppel.

In the present case, Bruck Trust brought suit against appellant for repayment of a loan in the amount of $9,000. Appellant duly answered, filed a counterclaim against Bruck Trust and a third-party complaint (incorrectly styled a cross-claim) against George and Darryl Bruck in the amount of $107,000 (apparently jointly and severally) for work done on their behalf. An amended complaint was filed by Bruck Trust wherein new-party plaintiff Bruck asserted a claim against appellant for commissions paid but unearned in the amount of $25,801.45.

Thereafter, appellant filed for bankruptcy protection under Chapter 13 (individual reorganization) of the United States Bankruptcy Code. Upon appellant's motion, the trial court stayed the instant proceedings. Subsequently, the Chap-

ter 13 reorganization was concluded and the trial court lifted the stay upon appellant's motion.

Appellees, thereafter, filed a joint motion for summary judgment. Attached thereto is appellant's "Chapter 13 Statement" listing all of appellant's assets and debts. However, on appellant's "Chapter 13 Statement" and throughout the bankruptcy proceedings, appellant failed to list as an asset his third-party claim against George and Darryl Bruck seeking $107,000,[1] and appellant failed to list as a claim or debt Bruck's claim against him for $25,801.45.

■ The thrust of appellees' motion for summary judgment is that all of appellant's prebankruptcy petition claims were, or at least should have been, adjudicated by the bankruptcy court. Appellees contend that appellant is equitably or judicially estopped from prosecuting his claim for $107,000 asserted in his third-party complaint. Appellant, on the other hand, argues that since he did not file such claim as an asset in his Chapter 13 petition, he may assert it now. Moreover, appellant argues that all claims against him were disposed of by the bankruptcy court.

■ "A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to satisfy a companion duty to schedule, for the benefit of creditors, all his interests and property rights." *Oneida Motor Freight v. United Jersey Bank* (C.A.3, 1988), 848 F.2d 414, 416. "It has been specifically held that a debtor must disclose any litigation likely to arise in a non-bankruptcy context." *Id.* at 417. Such cause of action is property of the estate, whether or not the cause of action is substantively valid. *In re Michigan Real Estate Ins. Trust* (E.D.Mich.1988), 87 B.R. 447. "The result of a failure to disclose such claims triggers application of the doctrine of equitable estoppel, operating against a subsequent attempt to prosecute the actions." *Oneida, supra,* at 417; *In re H.R.P. Auto Ctr., Inc.* (N.D.Ohio 1991), 130 B.R. 247; *Matter of Freedom Ford, Inc.* (M.D.Fla.1992), 140 B.R. 585.

■ Moreover, the doctrine of judicial estoppel applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted. *Oneida, supra,* at 419; *H.R.P., supra,* at 254; and *Freedom Ford, Inc., supra,* at 587.

In the present case, appellant asserted his claim by way of a counterclaim and third-party claim prior to his petition for Chapter 13 protection. Appellant failed

---

1. However, in an "objection to amended proof of claim," appellant briefly cites a counterclaim in the court of common pleas, but merely states it sets out additional remuneration owed appellant by Bruck. It could not possibly have put the bankruptcy court on notice of appellant's third-party claim against George and Darryl Bruck.

to state his claim as an asset on his "Chapter 13 Statement" or at any time during the bankruptcy proceedings. In reliance thereupon, appellee Bruck chose not to file a proof of claim concerning commissions allegedly paid to, but unearned by, appellant. Thereafter, upon conclusion of appellant's Chapter 13 proceedings, he reasserted his claim against appellees. However, appellant's failure to disclose the relevant claim estops him from asserting it now. Accordingly, the trial court did not err in ruling that the doctrine of equitable and/or judicial estoppel applies.

Accordingly, appellant's two assignments of error are overruled.

*Judgment affirmed.*

DYKE and FRANCIS E. SWEENEY, JJ., concur.

MATIA, C.J., dissents.

---

MATIA, Chief Justice, dissenting.

I respectfully dissent from the majority's judgment in this appeal. Section 362 of the Bankruptcy Code provides that the filing of a petition in bankruptcy:

" * * * operates as a stay, applicable to all entities, of:

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." Section 362(a)(1), Title 11, U.S.Code.

According to the Court of Appeals for the Third Circuit, "[S]ection 362 by its terms only stays proceedings against the debtor. The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." *Assn. of St. Croix Condominium Owners v. St. Croix Hotel Corp.* (C.A.3, 1982), 682 F.2d 446, 448. Accord *Cathey v. Johns–Manville Sales Corp.* (C.A.6, 1983), 711 F.2d 60, 61. A counterclaim or third-party claim instituted by the debtor is not subject to the automatic stay provided for in Section 362, Title 11, U.S.Code. *Trans Caribbean Lines, Inc. v. Tracor Marine, Inc.* (S.D.Fla. 1985), 49 B.R. 360; *Jefferson Ward Stores, Inc. v. Doody Co.* (E.D.Pa.1985), 48 B.R. 276; *Harris v. Alexander Grant & Co.* (1990), 61 Ohio App.3d 172, 180, 572 N.E.2d 226, 231; *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.* (1982), 458 U.S. 50, 83, 102 S.Ct. 2858, 2877, 73 L.Ed.2d 598, 623.

For this reason, I find that appellant was not estopped from asserting his claim against appellees. The trial court, therefore, improperly granted appellees' motion for summary judgment as the bankruptcy statute does not address actions

**402**

brought by the debtor which would inure to the benefit of the bankruptcy estate. *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.; Assn. of St. Croix Condominium Owners v. St. Croix Hotel Corp.; Harris v. Alexander Grant & Co., supra.* For the same reasons, the trial court improperly denied appellant's motion for summary judgment. Accordingly, I would reverse the judgment of the trial court.