30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clyde E. McGILLVARY; Ramona J. McGillvary, Plaintiffs-Appellants,
v.
CITY OF TROY, OHIO; David McBride, Defendants-Appellees.
 No. 93-3385.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1994.
 
 Before: JONES, SUHRHEINRICH and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs Clyde and Ramona McGillvary appeal the order of the district court granting summary judgment to defendants City of Troy and David McBride, Chief Housing Inspector for the City of Troy. Plaintiffs challenge the judgment on two grounds. First, they contend that they had inadequate notice and opportunity to respond to the issues before the court. Secondly, they contend that the district court abused its discretion in denying their motion for an extension of time for discovery.
 
 
 2
 We AFFIRM.
 
 I.
 
 3
 Plaintiffs brought this action pursuant to 42 U.S.C. Sec. 1983, alleging that defendants infringed upon their constitutional right to due process of law when the City demolished their property, a house purchased for investment purposes in 1984. Mr. McGillvary obtained work permits to remodel the property; however, defendants received complaints concerning the condition of the property and the slow remodeling progress throughout the McGillvarys' ownership. In September of 1989, David McBride inspected the McGillvarys' property to determine whether it complied with zoning ordinances, building, heating, plumbing, electrical, fire and safety codes. As a result of the inspection, McBride declared the house a nuisance and issued a stop work order to plaintiffs on September 29, 1989.
 
 
 4
 On October 13, 1989, plaintiffs received a certified letter and "Demolition Order # 1," enumerating 134 violations of the Troy Housing and Building Code. The letter provided plaintiffs with the option to repair the property subject to certain conditions and included instructions for filing an appeal of the demolition order. Because the plaintiffs filed their request late, no appeal ensued. On November 22, 1989, defendant sent Demolition Letter # 2, and on December 20, 1989, Demolition Letter # 3 was sent to plaintiffs.
 
 
 5
 On December 29, 1989, plaintiffs sought a temporary restraining order in Miami County Court of Common Pleas to prevent the City from demolishing their property. After the court denied their request, plaintiffs voluntarily dismissed the action to pursue their claims in federal court.
 
 
 6
 The property was demolished on January 22, 1990. Plaintiffs immediately filed this complaint in federal court. The parties filed cross-motions for summary judgment. Plaintiffs moved for judgment as to "the issue of liability," contending that the denial of their appeal to the Troy Housing Board violated procedural due process. Defendants' motion addressed two defenses, qualified immunity and res judicata; and also raised the issue of plaintiffs' bankruptcy. The district court[1] granted summary judgment to the defendants.
 
 II.
 
 7
 We uphold the grant of summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The fact that both parties have filed summary judgment motions does not alter the standard by which we review these motions. "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences agasint the party whose motion is under consideration." Taft Broadcasting Co. v. United States, 929 F.2d 240, 248 (6th Cir.1991) (quoting Mingus Constructors, Inc. v. United States, 812 F.2d 1357, 1391 (Fed.Cir.1987)).
 
 
 8
 A district court may not grant summary judgment on grounds not urged by the moving party without giving adequate notice to the nonmoving party, unless the nonmoving party is not prejudiced, because Rule 56(c) mandates that the nonmoving party "be afforded notice and a reasonable opportunity to respond to all issues to be considered by the court." Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir.1989).
 
 III.
 
 9
 Plaintiffs contend that the district court granted summary judgement to defendants without notice to plaintiffs. After plaintiffs filed their motion for summary judgement, defendants filed a cross-motion for summary judgment. The court did not rule on defendants' motion until after the plaintiffs submitted a response to that motion. Accordingly, any claim that they were never given notice is disingenuous.
 
 
 10
 Further, plaintiff's own motion for summary judgment provided a sufficient basis for the court to grant judgment to defendants. Plaintiffs fully briefed the issue of "liability" and asserted in their motion that no material factual dispute existed except as to the amount of damages. Certainly, plaintiffs knew that given the posture of the case at that time, it was ripe for summary judgment. What they did not know was that the district court would read the law differently than they had, and reach a different outcome than that for which they had argued. Plaintiffs raised the ground upon which the district court's judgment for defendants was based. Therefore, they have demonstrated no lack of notice and we decline their invitation to reverse the district court.
 
 
 11
 Nor are we persuaded by plaintiffs' contention that numerous violations listed in the demolition order were not in fact present and, therefore, a fact question existed. Although plaintiffs contend that they would be able to present specific evidence about whether a particular violation existed at trial, the rule does not allow them to proceed to trial on the basis of mere allegations, and they failed to raise a genuine issue of material fact regarding the condition of the house in their own motion or in their response to defendant's motion.
 
 
 12
 Further, plaintiffs' claim that McBride and the City acted arbitrarily in demolishing their property is precluded by equitable or judicial estoppel. In Bruck Mfg. Co. v. Mason, 616 N.E.2d 1168 (Ohio App.1992), the court held that a debtor's failure to disclose "litigation likely to arise in a non-bankruptcy context" triggers the doctrine of equitable estoppel. Id. at 1168 (internal quotations omitted). The court also held that the debtor is judicially estopped from "assuming a position in a legal proceeding inconsistent with one previously asserted." Id. (citations omitted).
 
 
 13
 Here, plaintiffs filed for Chapter 13 bankruptcy in January, 1987, and in May 1990, it was converted to Chapter 7. The house, listed as an asset, was demolished during the bankruptcy proceedings. Thereafter the bankruptcy court discharged plaintiffs' mortgage and demolition debt on the property. Plaintiffs never listed a claim as to this property on their bankruptcy schedule as an asset. Failure to include the claim precludes further pursuit of this issue. Payless Wholesale Distribs., Inc. v. Alberto Culver, Inc., 989 F.2d 570 (1st Cir.), cert. denied, 114 S.Ct. 344 (1993); Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414 (3d. Cir.), cert. denied, 488 U.S. 967 (1988).
 
 IV.
 
 14
 Plaintiffs' final argument is that the district court erred in denying their motion for extension of time for discovery. District court rulings on discovery matters will not be reversed absent an abuse of discretion, Theunissen v. Matthews, 935 F.2d 1454, 1465 (6th Cir.1991), which occurs when the reviewing court is left with "a definite and firm conviction that the trial court committed a clear error of judgment." Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989). The facts do not leave us with this conviction.
 
 
 15
 Here, the parties jointly filed a scheduling order that included deadlines for identification of witnesses. Within three weeks of the deadline date, the court granted plaintiffs' attorney leave to withdraw. At that time, the court notified plaintiffs that they were still required to adhere to court deadlines. Plaintiffs did not comply; nevertheless, the trial court granted them an extension of time in which to disclose witnesses. Again, plaintiffs failed to comply. Three months later, plaintiffs requested a sixty-day extension for discovery. The trial court reopened discovery for the limited purpose of deposing McBride. Plaintiffs contend that the limited reopening prejudiced them in their opportunity to discover additional admissible evidence that a genuine issue existed regarding the character of plaintiffs' property. We disagree.
 
 
 16
 Plaintiffs possess no absolute right to an extension of time for discovery. Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989). Here, plaintiffs were the property owners and certainly had access to the property. Further, the district court graciously extended discovery several times in this case. Accordingly, we cannot say that the district court's refusal to permit further discovery constituted an abuse of discretion.
 
 
 17
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 Because the parties consented to plenary magistrate judge authority under 28 U.S.C. Sec. 636(c), the district court referred this matter to the magistrate judge for all proceedings