OPINION
{¶ 1} This case is before us on Jim Fraley's appeal from a trial court order finding that he owes his ex-wife, Norma, $14,358.59 in spousal support. Mr. Fraley has assigned the following errors for our review:
{¶ 2} I. The trial court erred by wrongfully modifying the spousal support obligation of the Husband/Appellant by the Decision and Judgment of December 18, 2001, which modification is contrary to law and an abuse of discretion.
{¶ 3} II. The trial court erred in claiming it was enforcing the separation agreement terms rather than modifying them. The spousal support provisions of paragraph 4 of the separation agreement of the parties may not be enforced by the court because they are impossible to perform.
{¶ 4} After considering the alleged errors, we find them without merit. Consequently, the trial court judgment will be affirmed.
 I
{¶ 5} A judgment entry and decree of dissolution of marriage was filed in this case on May 8, 1997. In the entry, the terms of an attached separation agreement were ordered into execution. According to the separation agreement, the parties were co-debtors in a Chapter 13 Bankruptcy Plan that was filed on December 17, 1996. Under the plan, the parties were to pay $183 per week for their debts, excluding the mortgage on the marital home. However, paragraph four of the separation agreement required Mr. Fraley to make this payment as spousal support to Mrs. Fraley until the bankruptcy plan was completed. Mrs. Fraley was also given a 1995 Chevrolet Z71 truck, and was ordered to make payments for the truck.
{¶ 6} Paragraph three of the separation agreement further stated that: "[t]he provisions for Wife as set forth in this Agreement are in full and complete satisfaction of any and all rights or claims of Wife for spousal support. The provisions for Husband as set forth in this Agreement are in full and complete satisfaction of any and all rights or claims of Husband for spousal support. This spousal support agreement is not subject to further modification by the court." Additionally, paragraph 18 provided that the agreement could not be altered, changed, or modified, except in a writing signed by each of the parties.
{¶ 7} Subsequently, in August, 1998, Mrs. Fraley filed a motion to establish spousal support and to hold Mr. Fraley in contempt. The facts relating to the motion were not disputed. Specifically, in August, 1998, Mr. Fraley filed a Chapter 7 bankruptcy, discharging all his debts, including the debt in the former Chapter 13 plan. One of the debts covered by the Chapter 13 plan was the Z71 truck awarded to Mrs. Fraley. As a result of the discharge, the truck was in danger of being repossessed.
{¶ 8} After hearing the matter, the magistrate filed a decision and permanent order requiring the parties to disclose information to each other and to submit an agreed entry stating how Mr. Fraley would discharge his spousal support obligation. However, this decision and order was later vacated, because relief from the automatic bankruptcy stay had not been granted at the time the motion was heard.In April, 2001, Mrs. Fraley filed another motion asking that Mr. Fraley be held in contempt for failure to pay spousal support. A hearing was held on this motion, but testimony was not presented, because the parties stipulated to pertinent facts, including the facts surrounding the previous contempt proceeding. According to the stipulated facts, Mrs. Fraley was left with the Chapter 13 plan when Mr. Fraley filed the Chapter 7 bankruptcy. The Chapter 13 case was eventually dismissed for lack of payment, and Mrs. Fraley then filed another Chapter 13 action to try to save her truck. After the second case was dismissed for lack of payment, Mrs. Fraley filed her own Chapter 7 bankruptcy petition. During the course of these events, the Z71 truck was repossessed.
{¶ 9} On February 8, 2001, the parties filed an agreed order in Mr. Fraley's Chapter 7 bankruptcy case, indicating that payment of the Chapter 7 plan in full would have required payment of $790 per month for 60 months, for a total payment of $47,400. While the plan was in effect, the parties paid $14,007.93, leaving an amount due of $33,392.07. Since Mrs. Fraley's share of the plan benefit would have been about 43%, the parties agreed that Mr. Fraley owed her $14,358.59 as a nondischargeable spousal support debt.
{¶ 10} Based on the above facts, the magistrate in the domestic relations action found that Mrs. Fraley was requesting enforcement of the spousal support obligation, not modification. The magistrate decided that Mr. Fraley was liable for $14,358.59 in spousal support, and ordered the parties to either settle the amount of monthly payments or submit the matter for decision about an appropriate monthly amount.
{¶ 11} Following this decision, Mr. Fraley filed objections with the trial court, claiming that the magistrate had improperly modified the spousal support obligation. The trial court disagreed, overruled the objections, and adopted the magistrate's decision. Mr. Fraley then appealed, contending, as we said, that the trial court improperly modified the spousal support obligation, and that the obligation as originally set out in the separation agreement was impossible to perform.
{¶ 12} R.C. 3105.65(B), which governs dissolutions, indicates that courts may modify spousal support only in accordance with R.C.3105.18(E)(2). According to R.C. 3105.18(E)(2), a court lacks jurisdiction to modify amounts or terms of spousal support unless a separation agreement has a provision specifically allowing modification. The trial court in this case was aware that the separation agreement did not provide for court modification. However, the court decided that it was enforcing, rather than modifying the support obligation. Mr. Fraley disagrees, contending that the court modified every aspect of spousal support, including the amount, the terms, and the payee.
{¶ 13} We disagree with this contention. We find instead that the trial court acted within its inherent power to control its own judgments. Leis v. Leis (Sept. 20, 1995), Miami App. No. 99 CA 54, 1995 WL 559974.
{¶ 14} In Leis, a husband and wife agreed to split proceeds from the Ohio Lottery. Consequently, under the separation agreement and divorce decree, the Ohio Lottery was to issue both husband and wife separate checks for one-half of lottery installments due, beginning in November, 1992, and continuing until the last of the prize was paid. 1995 WL 559974, *1. The Commission refused to divide the payments, and instead sent the husband the full amount. In turn, the husband failed to pay the ex-wife her share. As a result, the wife filed a motion asking the trial court to make an order nunc pro tunc, requiring the ex-husband to remit her share. Id. at 2. The trial court refused, stating that the requested relief would modify an order for division of property and was beyond the court's power to grant. Id.
{¶ 15} On appeal, we reversed the trial court. Although we agreed that a nunc pro tunc order was not appropriate, we found that the correct remedy was in the substance of the change being sought. In this regard, we stressed that the change "does not alter the distributive share the parties will receive, only the method by which those shares are distributed. A court of common pleas has the inherent power to control its own judgments and to correct, modify, or vacate them during the term in which they were rendered. * * * That power is not abrogated or modified by the Rules of Civil Procedure." Id. at 4.
{¶ 16} We went on to say that:
{¶ 17} "t]he record demonstrates that a change in the court's order is warranted, not only because of the procedures of the Ohio Lottery Commission but also because of the obdurate and unjustified refusal of David Leis to pay his former spouse the share of proceeds which he had agreed is due her. The change would not alter the court's order distributing marital property. The trial court abused its discretion when it refused to grant Elizabeth Leis the change she requested." Id.
{¶ 18} The same situation exists in the present case. Mr. Fraley agreed, and was ordered to pay $183 per week in spousal support via the mechanism of the Chapter 13 Bankruptcy Plan payments. A change is warranted because of Mr. Fraley's refusal to pay the proceeds that were due to Mrs. Fraley. Mr. Fraley further agreed in the bankruptcy court that his nondischargeable spousal support obligation was $14,358.59, and the only thing being changed is the method of payment. Accordingly, we find both assignments of error without merit.
{¶ 19} We would add that the doctrine of judicial estoppel also precludes Mr. Fraley from claiming that support is being modified and from contesting the spousal support obligation. Judicial estoppel "prevents a party from staking out a position in a subsequent action that is inconsistent with a position taken in a prior action." Scioto Mem. Hosp.Assn., Inc. v. Price Waterhouse, 74 Ohio St.3d 474, 481, 1996-Ohio-365
(Douglas, concurring in part and dissenting in part). Judicial estoppel is applied to maintain "`the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposing to suit an exigency of the moment.'" * * * "`The doctrine applies only when a party shows that his opponent: (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court.'" Smith v. Dillard Dept. Stores, Inc. (2000), 139 Ohio App.3d 525,533 (citations omitted).
{¶ 20} For reasons that were presumably to his benefit, Mr. Fraley filed an agreed order in his bankruptcy case, stipulating that the sum of $14,358.59 was a nondischargeable debt owed to Mrs. Fraley for spousal support. Consequently, he is now precluded from taking the position that the support is being modified, and from claiming that he does not owe the spousal support. Compare: Bruck Mfg. Co. v. Mason (1992),84 Ohio App.3d 398, 400-01 (failure to state asset in bankruptcy proceedings prevents debtor from asserting claim for money in later proceeding); Guidoumbouzianii v. Johnson (March 26, 1997), Hamilton App. No. C-960597, 1997 WL 133363, *1 (position that party did not have contingent real-estate claim to schedule in bankruptcy proceeding precludes party from asserting claim in later judicial proceeding); andBlack v. Gangale (Aug. 4, 1994), Cuyahoga App. No. 66771, 1994 WL 408089, *3 (plaintiff stipulated in municipal court action to writ of restitution evicting him, as tenant, from premises to which he later claimed title in common pleas court. Consequently, Plaintiff's common pleas court action was dismissed on summary judgment, due to application of judicial estoppel).
{¶ 21} In view of the preceding discussion, we find that the trial court did not err in ordering Mr. Fraley to pay $14,358.59 in spousal support. Accordingly, both assignments of error are overruled, and the trial court judgment is affirmed.
FAIN, J., concurs.