JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
 {¶ 2} Appellant, C. Douglas Thomas, doing business as T Group Communications,[1] appeals from a common pleas court order vacating an order of dismissal without prejudice and dismissing with prejudice Thomas's claims against the sole remaining defendant, the City of Cleveland ("City"). After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 3} The complaint in this case was originally filed on June 19, 2000 and amended on December 15, 2000. In his complaints, Thomas alleged that the City breached its contract with him and that individual defendants, Michael R. White, Al Walker, and Myrna Branche, tortiously interfered with the contract and defamed Thomas. The trial court granted summary judgment for all of the defendants on November 16, 2001. On appeal, this court affirmed the judgment in favor of the individual defendants, but reversed the judgment on Thomas's breach of contract claim, finding that genuine issues of material fact precluded judgment on this claim. Accordingly, we remanded this matter for further proceedings. T Group Communications v. Cleveland, Cuyahoga App. No. 80576, 2002-Ohio-4912.
 {¶ 4} On remand, the City filed a motion to dismiss Thomas's claims on the ground that Thomas lacked standing to pursue the action and was estopped from pursuing his claim because he failed to disclose this cause of action as an asset of his bankrupt estate. The court determined that Thomas did not have standing to pursue his claim against the City and dismissed the case without prejudice on February 16, 2005. Thomas attempted to appeal from this order, but his appeal was dismissed for lack of a final appealable order on July 11, 2005.
 {¶ 5} On September 30, 2005, Thomas moved the trial court to vacate its February 2005 dismissal order and reinstate the case. The court granted this motion in part, "for the limited purpose of ruling on the [City's] motion to dismiss. The court hereby finds that the defendant City of Cleveland's motion to dismiss is granted. The case is dismissed with prejudice as to all claims." Thomas appeals from this order.
 {¶ 6} Thomas failed to disclose this cause of action as property of his bankruptcy estate, as required by long-standing tenets of bankruptcy law. See 11 U.S.C. § 541; Bankr.R. 1007. We cannot characterize this omission as inadvertent, given that this action was pending at the time the bankruptcy proceeding was instituted. Cf. Eubanks v. CBSK Financial Group (6th Cir. 2004), 385 F.3d 894. Having failed to disclose this property right to his creditors, he is estopped from pursuing the claim now. Bruck Mfg. Co. v. Mason (1992), 84 Ohio App.3d 398,400-01.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., Presiding Judge.
Gallagher, J., and Milligan, J.,* Concur.
[1] This court previously noted that, although the complaint lists T Group Communications as the sole party plaintiff, C. Douglas Thomas is the sole proprietor of T Group and, as such, may proceed pro se. T Group Communications v. Cleveland,
Cuyahoga App. No. 80576, 2002-Ohio-4912.
* SITTING BY ASSIGNMENT: JOHN R. MILLIGAN, RETIRED, OF THE FIFTH DISTRICT COURT OF APPEALS.