OPINION *Page 2 
{¶ 1} Plaintiff-Appellant Jeffery B. Davidson appeals from the June 13, 2007, Judgment Entry of the Stark County Court of Common Pleas which granted summary judgment in favor of Defendant-Appellee The M. Conley Company.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The relevant facts are as follows:
 {¶ 3} On March 23, 2007, Appellant Jeffery B. Davidson commenced an action against Appellee The M. Conley Company in the Stark County Court of Common Pleas, alleging improper termination of employment for having filed a Workers' Compensation claim.
 {¶ 4} On May 14, 2007, Appellant filed a Voluntary Petition in the U.S. Bankruptcy Court for the Northern District of Ohio, Case No. 07-61382.
 {¶ 5} On May 23, 2007, Appellee filed an Answer to said Complaint.
 {¶ 6} On November 30, 2007, the trial court granted Appellee's Motion for Summary Judgment in part and denied same in part; dismissing Appellant's common law claims, but leaving Appellant's statutory claims of retaliatory discharge.
 {¶ 7} On December 17, 2007, Appellee filed a Motion for Reconsideration based on an Ohio Supreme Court Opinion issued on December 12, 2007, requesting dismissal of Appellant's remaining statutory retaliatory discharge claims.
 {¶ 8} On December 27, 2007, Appellant filed his Response in Opposition to Appellee's Motion for Reconsideration.
 {¶ 9} On January 11, 2008, the trial court granted Appellee's Motion for Reconsideration and dismissed Appellant's two remaining claims. *Page 3 
 {¶ 10} Appellant now appeals, raising the following assignment of error for review:
 ASSIGNMENT OF ERROR {¶ 11} "I. THE TRIAL COURT'S GRANTING SUMMARY JUDGMENT UPON RECONSIDERATION ON THE BASIS OF RES JUDICATA WAS ERRONEOUS AND IMPROPERLY DISMISSED THE COMPLAINT."
 "Summary Judgment Standard" {¶ 12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ. R. 56(C) provides, in pertinent part:
 {¶ 13} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 14} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its *Page 4 
motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 15} It is based upon this standard that we review Appellant's assignment of error.
 I. {¶ 16} In his sole assignment of error, Appellant argues that the trial court erred in granting summary judgment in favor of Appellee. We disagree.
 {¶ 17} The trial court, in the case below, reconsidered its prior denial of Appellee's motion for summary judgment pursuant toGreer-Burger v. Temesi, 116 Ohio St.3d 324, 2007-Ohio-6442. InGreer-Burger, the Ohio Supreme Court found that a petitioner in a bankruptcy proceeding who took an inconsistent factual position in not listing her pending retaliation claim, was equitably and judicially estopped from recovering attorney fees for that claim. In so finding, the Court stated:
 {¶ 18} "The doctrine of judicial estoppel `forbids a party "from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding."'" Griffith v.Wal-Mart Stores, Inc. (C.A.6, 1998), 135 F.3d 376, 380, quotingTeledyne Industries, Inc. v. Natl. Labor Relations Bd. (C.A.6, 1990), *Page 5 
911 F.2d 1214, 1217, quoting Reynolds v. Commr. of Internal Revenue (C.A.6, 1988), 861 F.2d 469, 472-473. "Courts apply judicial estoppel in order to `preserve[ ] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposing to suit an exigency of the moment.'" Id., quoting Teledyne at 1218. "The doctrine applies only when a party shows that his opponent: (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court." Griffith at 380. Courts have applied this doctrine when inconsistent claims were made in bankruptcy proceedings that predated a civil action. Cf. Wallace v. Johnston Coca-Cola BottlingGroup, Inc. (Mar. 26, 2007), S.D.Ohio No. 1:06-cv-875, (plaintiff barred from proceeding with discrimination claim for failure to disclose the claims to the United States Bankruptcy Court); Advanced AnalyticsLaboratories, Inc. v. Kegler, Brown, Hill Ritter, L.P.A.,148 Ohio App.3d 440, 2002-Ohio-3328, 773 N.E.2d 1081, ¶ 38 (where client had twice successfully asserted its position that financing statements were not misleading, once before bankruptcy court and again before federal district court, plaintiff was precluded from asserting statements were misleading in legal malpractice action); *331 Guidoumbouzianii v.Johnson (Mar. 26, 1997), 1st Dist. No. C-960597, (position that party did not have contingent real-estate claim to schedule in bankruptcy proceeding precludes party from asserting that claim in later judicial proceeding); Bruck Mfg. Co. v. Mason (1992), 84 Ohio App.3d 398, 401,616 N.E.2d 1168 (failure to state litigation as asset in bankruptcy proceedings prevents debtor from asserting claim for money in later proceeding). *Page 6 
 {¶ 19} Based on the reasoning set forth in Greer-Burger, supra, we find Appellant was judicially estopped from pursuing her employment termination claim based on her failure to list same on her Voluntary Petition in the U.S. Bankruptcy Court.
 {¶ 20} Accordingly, we find the trial court did not err in granting Appellee's motion for summary judgment. Appellant's sole assignment of error is overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Wise, J., Gwin, P. J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1