[Cite as *Brown v. Nationwide Property & Cas. Co.*, 2014-Ohio-5057.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| MARK D. BROWN, ET AL., | : | | JUDGES: |
| | : | | |
| | : | | Hon. John W. Wise, P.J. |
| Plaintiffs - Appellants | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| | : | | |
| -vs- | : | | |
| | : | | |
| NATIONWIDE PROPERTY AND | : | | Case No. 2014CA00037 |
| CASUALTY INSURANCE CO. | : | | |
| | : | | |
| Defendant - Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of
                                Common Pleas, Case No.
                                2013 CV 01561

JUDGMENT:                       Affirmed in part, Reversed and
                                Remanded in part

DATE OF JUDGMENT:               November 10, 2014

APPEARANCES:

For Plaintiffs-Appellants                   For Defendant-Appellee

FRANK E. PISCITELLI, JR.                    WILLIAM H. FALIN
ERIC W. HENRY                               Moscarino & Treu LLP
Piscitelli Law Firm                         The Hanna Building
6151 Wilson Mills Road, Suite 110           1422 Euclid Avenue, Suite 630
Cleveland, OH 44143                         Cleveland, OH 44115

*Baldwin, J.*

{¶1}    Plaintiffs-appellant Mark Brown and Kathleen Brown appeal from the January 21, 2014 and February 27, 2014 Judgment Entries of the Stark County Court of Common Pleas granting summary judgment in favor of defendant-appellee Nationwide Property and Casualty Insurance Company.

STATEMENT OF THE FACTS AND CASE

{¶2}    On February 4, 2012, vandals broke into the home of appellants Mark and Kathleen Brown and caused extensive damage to the interior structure and their personal property.

{¶3}    At the time of the incident, appellants had a homeowner's policy issued by appellee Nationwide Property and Casualty Insurance Company.  Appellants made a claim under their policy for the damage done to real and personal property. On April 13, 2012, Lisa Zold, a large loss adjuster for appellee Nationwide, sent appellants a letter indicating that her revised estimate for the damage to appellant's property was $155,678.65.[1]  Zold used a computer program called "Xactimate" in arriving at her estimate.  The program determines value by taking into account depreciation values and geographic locations.  Appellants did not determine the value of a specific item, but informed Zold of the age of the item for purposes of depreciation.

{¶4}    On May 22, 2012, appellants, during an examination under oath conducted by an attorney for appellee, were questioned about a bankruptcy that they had filed in 2011. In the bankruptcy, appellant had listed the value of their personal property at $3,100.00.

---

[1] The revised estimate included a computer and trench coat that had been missed during the original inspection.

{¶5} On or about March 13, 2013, appellee sent appellants a reservation of rights letter. Appellee, in the letter, stated, in relevant part, as follows: "During our investigation we learned that you did have a prior bankruptcy and due to judicial estoppel, you may be ineligible to collect on some or all of the personal property claimed for this loss. In your bankruptcy action, you alleged that you had only $22,300.00 in personal property and this included your vehicles. You are now alleging personal property damage in excess of $145, 010.59."

{¶6} Subsequently, on June 1, 2013, appellants filed a complaint against appellee, alleging that appellee had breached its contract with appellants and acted in bad faith in handling their claim. Appellee filed an answer on July 30, 2013.

{¶7} On September 9, 2013, appellee filed a Motion to Bifurcate and Stay Discovery on Bad Faith Claim. No response to such motion was filed. The trial court, pursuant to a Judgment Entry filed on October 2, 2013, granted the motion and stayed discovery on the bad faith claim pending disposition of the underlying breach of contract claim.

{¶8} Appellants, on October 24, 2013, filed a Motion for Partial Summary Judgment on their breach of contract claim. Appellants, on October 24, 2013, also filed a motion asking that the stay of discovery on the bad faith claim be lifted. Appellee filed a brief in opposition to the latter motion on November 5, 2013 and, on November 7, 2013, filed a brief in opposition to appellants' Motion for Partial Summary Judgment and a Cross Motion for Summary Judgment on the breach of contract claim. As memorialized in a Judgment Entry filed on November 7, 2013, the trial court denied the motion to lift the stay on discovery.

{¶9} Thereafter, appellants, on November 15, 2013, filed a reply to appellee's opposition to appellants' Motion for Partial Summary Judgment and a brief in opposition to appellee's Motion for Partial Summary Judgment.

{¶10} Pursuant to a Judgment Entry filed on January 21, 2014, the trial court granted appellee's Motion for Partial Summary Judgment and limited appellants' recovery on their breach of contract claim to $3,100.00. The trial court overruled appellants' Motion for Partial Summary Judgment on the breach of contract claim.

{¶11} Thereafter, on January 29, 2014, appellee filed a Motion for Summary Judgment on the bad faith claim. Appellants filed a brief in opposition to the same on February 7, 2014. Appellants, in their brief, argued, in part, that appellants "should be afforded the opportunity to conduct discovery on the bad faith claim, including the contents of the claim file. Nationwide's summary judgment motion should be denied as premature, or at the very least should be held in abeyance until the Browns are afforded the opportunity to conduct discovery on the bad faith claim." Appellant filed a brief in support of its Motion for Summary Judgment on February 19, 2014.

{¶12} The trial court, pursuant to a Judgment Entry filed on February 27, 2014, granted appellee's Motion for Summary Judgment on the bad faith claim. The trial court, in its Judgment Entry, found that appellants had contributed to any delay in the processing of their claim in this matter by failing to cooperate with appellee. The trial court also found that appellants had failed to provide any evidence showing that appellee did not have a reasonable justification for the delay in the processing of their claim or any evidence demonstrating that there was a genuine issue of material fact as to whether appellants failed to cooperate with the investigation in this matter. The trial

court also found that "[w]hile Plaintiffs assert an argument with regard to conducting additional discovery, Plaintiffs' motion fails to reference, or even mention, Civ.R. 56(F)."

{¶13}  Appellants now raise the following assignments of error on appeal:

{¶14}  THE TRIAL COURT ERRED IN DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE BREACH OF CONTRACT CLAIM AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT LIMITING THE VALUE OF PLAINTIFF'S (SIC) CLAIM ON THE BASIS OF JUDICIAL ESTOPPEL TO $3,100.00.

{¶15}  THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' BAD FAITH CLAIM.

SUMMARY JUDGMENT STANDARD OF REVIEW

{¶16}  Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56, which was reaffirmed by the Ohio Supreme Court in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St .3d 447, 448, 1996–Ohio–211, 663 N.E.2d 639.

{¶17}  "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made". *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 1994–Ohio–172, 628 N.E.2d 1377, citing *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 472, 364 N.E.2d 267, 274 (1977).

{¶18} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgment motions on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 56 N.E.2d 212 (1987).

{¶19} It is pursuant to this standard that we review appellants' assignments of error.

I

{¶20} Appellants, in their first assignment of error, argue that the trial court erred in granting summary judgment in favor of appellee on appellants' breach of contract claim and in denying their Motion for Partial Summary Judgment on such claim. The trial court, in its January 21, 2014, held that appellee was entitled to summary judgment on appellants' breach of contract claim based on the doctrine of judicial estoppel.

{¶21} The doctrine of judicial estoppel "forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." *Greer–Burger v. Temesi,* 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, at paragraph 25 (Citations omitted). "The doctrine applies only when a party shows that his opponent: (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court." *Id.* As noted by the court in *Greer-Burger* at paragraph 25*:*

> Courts have applied this doctrine when inconsistent claims
> were made in bankruptcy proceedings that predated a civil action.
> Cf. *Wallace v. Johnston Coca–Cola Bottling Group, Inc.* (Mar. 26,
> 2007), S.D.Ohio No. 1:06–cv–875, 2007 WL 927929, 4 (plaintiff

barred from proceeding with discrimination claim for failure to disclose the claims to the United States Bankruptcy Court); *Advanced Analytics Laboratories, Inc. v. Kegler, Brown, Hill & Ritter, L.P.A.,* 148 Ohio App.3d 440, 2002-Ohio-3328, 773 N.E.2d 1081, ¶ 38 (where client had twice successfully asserted its position that financing statements were not misleading, once before bankruptcy court and again before federal district court, plaintiff was precluded from asserting statements were misleading in legal malpractice action); 331 *Guidoumbouzianii v. Johnson* (Mar. 26, 1997), 1st Dist. No. C–960597, 1997 WL 133363, 1 (position that party did not have contingent real-estate claim to schedule in bankruptcy proceeding precludes party from asserting that claim in later judicial proceeding); *Bruck Mfg. Co. v. Mason* (1992), 84 Ohio App.3d 398, 401, 616 N.E.2d 1168 (failure to state litigation as asset in bankruptcy proceedings prevents debtor from asserting claim for money in later proceeding).

{¶22} Appellants filed for bankruptcy in March of 2011. In their Voluntary Petition, they listed the current combined value of their household goods and furnishings, clothing and jewelry as $3,100.00. While appellants, who were represented by counsel in the bankruptcy, denied making or authorizing the $3,100.00 valuation, on the Declaration Re: Electronic Filing of Documents and Statement of Social Security Number that was dated March 29, 2011, appellants declared under penalty of perjury that the information contained in their bankruptcy petition was true, correct and

complete. Moreover, during a hearing held before the bankruptcy Trustee on May 17, 2011, appellants indicated that they had reviewed the bankruptcy petition and schedules with their attorney when they signed it and that everything in the petition was correct. They further stated that they did not need to make any changes to the documents. During his deposition this case, appellant Mark Brown testified that none of the personal property, which is part of the insurance claim in this case, was purchased after July of 2011, which was when appellants' bankruptcy was discharged.

{¶23} Based on the foregoing, we concur with the trial court that appellants are now judicially estopped from claiming, in the case sub judice, that the same property that they claimed was worth $3,100.00 in their bankruptcy is now worth $155,678.65. While appellants contend that the doctrine of judicial estoppel is not applicable because appellee's adjuster determined the value of their property in this case, we note that appellants, in this matter, are taking a contrary position than they did in their prior bankruptcy as to the value of their property.

{¶24} We note that appellants maintain that appellee is precluded from raising the defense of judicial estoppel based on language contained in their homeowner's policy. The subject homeowner's policy contains Section I, which is titled "Property Coverages" and Section II, which is titled "Liability Coverages." Both sections contain their own exclusions and conditions. Under "Liability Coverages", there is a section captioned "Liability Conditions." Paragraph 6 under "Liability Conditions" states as follows: "Bankruptcy or Insolvency of an Insured will not relieve us of our obligations under this policy."

{¶25} We concur with the trial court that the above language is not applicable to appellants' claim in this case. Appellants' claim, which was for damages to their property caused by vandalism, was filed under the "Property Coverage" section of the policy. Such section does not contain language providing that an insured's bankruptcy "will not relieve us of our obligations under this policy." The general rule of liberal construction of insurance contracts cannot be used to create an ambiguity where one does not exist. *Zerby v. State Farm Auto Ins. Co.*, 5th Dist. Stark No. 2002CA00431, 2003 -Ohio-2722.

{¶26} Based on the foregoing, we find that the trial court did not err in granting summary judgment in favor of appellee while denying summary judgment in favor of appellants.

{¶27} Appellants' first assignment of error is, therefore, overruled.

II

{¶28} Appellants, in their second assignment of error, argue that the trial court erred in granting appellee's Motion for Summary Judgment on appellants' bad faith claim.

{¶29} The trial court, in its February 27, 2014 Judgment Entry granting summary judgment in favor of appellee on the bad faith claim, found that appellee's delay in payment to appellants was justified and that "[w]hile [appellants] argue that the delay in the processing of their claim was due to [appellee's] 'untimely and dilatory claim handling,"…according to the evidence provided,…[appellants] contributed to the delay in this matter due to their failure to cooperate." The trial court stated that appellants had not provided any evidence showing that appellee did not have a reasonable justification

for the delay in the processing of appellants' claim and that that appellants had not provided the court with any evidence demonstrating that there was a genuine issue of material fact as to whether or not appellants failed to cooperate with the investigation. Finally, the court held that appellants had failed to comply with Civ.R. 56(F) and that, therefore, their argument regarding additional discovery was without merit.

{¶30} In the case sub judice, appellee filed an answer to the June 11, 2013 complaint on July 30, 2013. Pursuant to a Judgment Entry filed on July 31 2013, the trial court ordered that all discovery be completed by December 12, 2013.

{¶31} On September 9, 2013, appellee filed a motion asking that the breach of contract and bad faith claims be bifurcated and that discovery on the bad faith claim be stayed pending resolution of the breach of contract claim. The trial court granted such motion as memorialized in a Judgment Entry filed on October 2, 2013 and stayed discovery on the bad faith claim. Appellants, on October 24, 2013, filed a Motion asking that the stay be lifted. The trial court denied such motion.

{¶32} In their February 7, 2013 brief in opposition to appellee's Motion for Summary Judgment, appellants stated that they had not been able to conduct any discovery on the bad faith claim due to the bifurcation and that they should be allowed to conduct discovery on the claim, including the contents of the claim file. They asked that appellee's motion "be denied as premature, or at the very least, it should be held in abeyance until [appellants] are afforded the opportunity to conduct discovery on the bad faith claim."

{¶33} Civ.R. 56(F) provides that, "[s]hould it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons

stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had." Civ.R. 56(F) permits a party to request additional time to obtain through discovery the facts necessary to adequately oppose a motion for summary judgment. *Carolina Tobacco Co. v. Petro,* 10th Dist. No. 04AP–1125, 2006–Ohio–1205. A trial court's decision on discovery matters is reviewed under an abuse of discretion standard. *Mauzy v. Kelly Servs., Inc.,* 75 Ohio St.3d 578, 592, 1996-Ohio-265, 664 N.E.2d 1272. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶34} We find that the trial court abused its discretion in granting summary judgment in favor of appellee on the bad faith claim. We find Civ.R. 56(F) inapplicable because appellants were not requesting additional time to conduct discovery. Rather, from the record it appears that, due to the bifurcation order, no discovery on the bad faith claim was ever conducted. We find that the trial court abused its discretion in failing to hold appellee's Motion for Summary Judgment on the bad faith claim in abeyance until such time as appellants were afforded time to conduct discovery on such claim.

{¶35} Appellants' second assignment of error is, therefore, sustained.

{¶36} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with this Opinion.

By: Baldwin, J.

Wise P.J. and

Delaney, J. concur.