SPRAGUE, Exr., Appellant,

v.

SIMON et al.; Schroeder et al., Appellees.

[Cite as *Sprague v. Simon* (2001), 144 Ohio App.3d 437.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 2000–A–0007.

Decided May 14, 2001.

*Cohen & Steinberg* and *Gerald L. Steinberg; Manos, Pappas & Stefanski Co.* and *John M. Manos,* for appellant.

*Reminger & Reminger Co., LPA,* and *Nicholas D. Satullo; Baker, Hackenberg & Collins* and *I. James Hackenberg,* for appellees.

FORD, Presiding Judge.

This is an appeal from the Ashtabula County Court of Common Pleas. Appellant, Fred W. Sprague, executor of the estate of Sharon M. Sprague ("Sharon"), deceased, appeals a judgment entry granting summary judgment in favor of Nationwide Insurance Company ("Nationwide") and appellees, David A. Schroeder, Esq. ("Attorney Schroeder") and the law firm of Swensen, Perer, Johnson & McCandless.[1]

1. We note that the appeal was brought against Nationwide, and appellees Attorney Schroeder, and Swensen, Perer, Johnson & McCandless. However, sometime after the notice of appeal was filed with this court, the claim against Nationwide was settled.

The record reveals that on December 16, 1991, appellant's deceased wife, Sharon, was operating a vehicle that was involved in a collision. Apparently, Sharon hit black ice, which caused her car to skid to the right side of a bridge. Her car was then clipped by a vehicle operated by Kent E. Kibler ("Kibler"). Sharon's car spun around to the left side of the bridge and was struck by a tractor-trailer operated by Nelson D. Case ("Case").[2] As a result of the accident, Sharon died. The passenger in her truck, Andrea Wilcox ("Wilcox"), her son's fiancée, was severely injured and filed a personal injury claim ("the Wilcox claim") on November 18, 1992, in the Ashtabula County Court of Common Pleas against appellant, as executor of Sharon's estate, Kibler, Case, and his employer, Erskine Trucking, Inc.

Appellant independently hired Thomas J. Simon, Esq. ("Attorney Simon") to file a cross-claim against Kibler, Case, and Erskine Trucking, Inc., seeking recovery for the death of his wife. Nationwide, who was the auto insurance carrier insuring appellant and Sharon, also retained defense counsel in Ohio, Attorney William E. Riedel ("Attorney Riedel").[3] The Wilcox claim was ultimately dismissed in August 1993, for failure of jurisdiction over Kibler, the driver of the motor vehicle, who was a Pennsylvania resident.

Wilcox refiled the matter in Pennsylvania on November 5, 1993. Subsequently, Nationwide referred its defense in the matter to a Pennsylvania attorney, appellee Attorney Schroeder with the law firm of Swensen, Perer, Johnson & McCandless for the personal injury claim filed against appellant by Wilcox. In a letter dated November 16, 1993, Attorney Riedel notified Attorney Simon, appellant's attorney, that the case had been refiled in Pennsylvania, and recommended that Attorney Simon should obtain counsel in Pennsylvania to prosecute the cross-claim filed on behalf of appellant. However, the record revealed that no further action was taken by appellant or Attorney Simon to prosecute the cross-claim in Pennsylvania, and the statute of limitations expired on December 16, 1993.

On December 15, 1994, appellant commenced a legal malpractice action in the Cuyahoga County Court of Common Pleas against Attorney Simon, the law firm where he was a partner, and the partners individually. Appellant claimed that Attorney Simon failed to preserve the statute of limitations and prosecute a survivorship and wrongful death claim on behalf of the estate of his deceased

---

**2.** Case was operating a tractor-trailer for Erskine Trucking, Inc., an Ohio corporation.

**3.** Attorney Riedel averred that he had been assigned to defend appellant in a personal injury action. However, he stated that "[a]t no time did [he] ever agree to represent [appellant] relative to any of [his] affirmative claims for wrongful death or survivorship action. At all times, that was strictly within the purview of Attorney Simon."

wife, Sharon. Attorney Simon filed a motion to dismiss on March 7, 1995, claiming that the wrongful death or survivorship action was appellee Attorney Schroeder's responsibility. Attorney Simon amended his motion to dismiss on November 27, 1995, to include a motion for change of venue. In a judgment entry dated February 13, 1996, the Cuyahoga County Court of Common Pleas denied Attorney Simon's motion to dismiss but transferred the matter to the Ashtabula County Court of Common Pleas.

On April 29, 1997, appellant amended his complaint and joined appellees and Nationwide as new party defendants. Appellees filed a motion for summary judgment on July 15, 1998. Nationwide submitted its motion for summary judgment on July 30, 1998. Appellant filed briefs in opposition to both motions for summary judgment.

In a judgment entry dated January 3, 2000, the trial court granted appellees' motion for summary judgment and Nationwide's motion for summary judgment. The trial court concluded that "there was no contractual responsibility or liability on the part of [Nationwide] to represent [appellant] except as provided by the insurance policy." The trial court explained:

"[Nationwide] was only obligated to provide a defense to the Wilcox claims and this was done appropriately. In addition, * * * Attorney Riedel * * * did, in fact, send a letter to Attorney Simon advising of the necessity to enter an appearance in the Pennsylvania case in order to prosecute the cross-claim. Attorney Simon was clearly representing [appellant] at that time and the Court finds no duty on behalf of [Nationwide] or any of its attorneys to personally notify [appellant]."

It is from that entry that appellant timely filed the instant appeal and now asserts the following as error:

"The [t]rial [c]ourt [e]rred in granting the [m]otion for [s]ummary [j]udgment of [appellees]."

Appellant's sole contention is that the trial court erred by granting appellees' motion for summary judgment. First, appellant claims that the duties an attorney owes to his or her client are not diminished because the attorney was selected and paid by the client's insurer. The second issue appellant presents is that an attorney who allows a wrongful death or survivorship claim to lapse without any investigation into the merits may not defeat a malpractice action by arguing that the wrongful death or survivorship claim had no merit.

Before addressing appellant's arguments, we note that in order for a summary judgment to be granted, the moving party must prove:

"* * * (1)[N]o genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears

from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1198.

The Supreme Court stated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264, 276:

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.* The 'portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis *sic.*)

If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. *Id.* If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E).

Appellate courts review a trial court's granting of summary judgment *de novo. Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157. The *Brown* court stated that "we review the judgment independently and without deference to the trial court's determination." *Id.* An appellate court must evaluate the record "in a light most favorable to the nonmoving party." *Link v. Leadworks Corp.* (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140, 1143. Furthermore, a motion for summary judgment "must be overruled if reasonable minds could find for the party opposing the motion." *Id.*

The elements of a legal malpractice claim are "(1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach." *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 105, 538 N.E.2d 1058, 1060. Failure to prove any one of these three elements entitles a defendant to summary judgment on a legal malpractice claim. Summary judgment in favor of the attorney is appropriate when a plaintiff fails to supply expert testimony on alleged negligence that is "neither within the ordinary knowledge of the layman nor so clear as to constitute negligence as a matter of law." *Bloom v. Dieckmann* (1983), 11 Ohio App.3d 202, 203, 11 OBR 298, 299, 464 N.E.2d 187, 188.

In the case *sub judice,* it is our determination that the record supports the trial court's decision that no genuine issue of fact remained for trial because appellant had not established the existence of an attorney-client relationship

between himself and appellees as to his cross-claim. The evidence was undisputed that appellant hired Attorney Simon to file the cross-claim, and that when the case was refiled in Pennsylvania, Nationwide retained appellees to defend the personal injury matter against appellant in the Wilcox claim. Additionally, there was no evidence presented that appellant expected anyone but Attorney Simon to prosecute his cross-claim. Attorney Riedel declared that he was retained by Nationwide to defend appellant in Ohio in a personal injury action, and Attorney Simon was handling the wrongful death/survivorship action. Attorney Riedel avowed that he did not agree to represent appellant as to the wrongful death/survivorship claim.

Furthermore, any attorney-client relationship between appellant and appellees was limited to the defense of appellant and his fiduciary role in the estate of his wife, Sharon, regarding the Wilcox claim and not to the prosecution of the cross-claim. The scope of appellee Attorney Schroeder's authority to act on behalf of Nationwide was limited by the nature of the representation for which he was retained, *i.e.*, to defend appellant in the Wilcox claim. It is our view that appellees had no duty to ensure that the wrongful death/survivorship claim was filed. Therefore, we conclude that since appellant has failed to satisfy the first element of a legal malpractice claim, pursuant to *Krahn*, summary judgment was appropriately granted in appellees' favor.

Moreover, before appellee Attorney Schroeder was added as a party to the case, Attorney Simon had filed a motion to dismiss. Appellant filed a motion in opposition, arguing that appellee Attorney Schroeder owed him no legal duty. This position was successful, as appellant overcame Attorney Simon's motion to dismiss. Thus, appellant is judicially estopped from advancing the argument that appellee Attorney Schroeder owed him a legal duty. *Bruck Mfg. Co. v. Mason* (1992), 84 Ohio App.3d 398, 400, 616 N.E.2d 1168, 1170.

For the foregoing reasons, appellant's sole assignment of error is not well taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.

*Judgment affirmed.*

CHRISTLEY and NADER, JJ., concur.