{¶ 1} Plaintiff-appellant, John Brunstetter ("Brunstetter"), appeals from the decision of the trial court awarding Defendant-appellee, W. Leo Keating ("Keating"), summary judgment for legal malpractice.
 {¶ 2} In 1996, Brunstetter retained Keating for the purpose of applying for the guardianship of Brunstetter's father, Milford Brunstetter ("Milford"). Prior to retaining Keating, Brunstetter became concerned that his sister, Arlene Kinkade ("Arlene"), improperly obtained power of attorney over Milford and transferred Milford's real and personal property to her name. After Arlene obtained the initial power of attorney, she retained the services of Attorney Tom Nader to execute a second power of attorney and a new deed transferring Milford's home to her name.
 {¶ 3} On October 4, 1996, Keating, on behalf of Brunstetter, filed an application to be appointed Milford's guardian. However, the probate court appointed Attorney Patricia Spencer as Milford's guardian. On October 7, 1999, the probate court held a hearing on various motions filed by the parties to the guardianship action.
 {¶ 4} In its October 20, 1999 journal entry, the probate court stated: "The Court finds * * * that the parties have negotiated a settlement of all issues herein and have stipulated their agreement on the record, and which agreement this Court finds to be fair, reasonable, and in the best interest of the ward, Milford Brunstetter." In short, the settlement to which the court referred provided: (1)The Second National Bank of Warren would immediately transfer title to Attorney Patricia Spencer, as Guardian of Milford's estate, certain bank accounts previously in Milford's name; (2) That Arlene would retain title to the real estate obtained by virtue of the power of attorney and deed executed by Attorney Tom Nader (the court found that the real estate was properly transferred); (3) That Arlene would retain the sums of money from the fair market sale of an automobile previously owned by Milford and transferred to Arlene; (4) That attorney fees were approved for Attorney Donald Ford; (5) That fees and expenses would be approved for Attorney Patricia Spencer as compensation for services rendered as Milford's guardian.
 {¶ 5} On March 30, 2001, Brunstetter, pro se, initiated the current action against Keating for legal malpractice. On December 26, 2001, Keating filed a motion for summary judgment. Keating claimed that he was entitled to summary judgment because Brunstetter failed to identify an expert witness to testify as to the applicable standard of care. As such, Keating concluded that Brunstetter failed to establish a prima facie case for legal malpractice. In response, Brunstetter asserted that summary judgment was inappropriate because his allegations did not require expert testimony. On April 12, 2002, the trial court granted Keating's motion for summary judgment. Brunstetter filed this timely appeal and now raises the following assignments of error:
 {¶ 6} "[1.] The trial court erred in granting summary judgment.
 {¶ 7} "[2.] The trial court erred in failing to compel defendant Keating to respond to the outstanding discovery requests."
 {¶ 8} In reviewing a summary judgment disposition, an appellate court applies the same standard as that applied by the trial court. Maustv. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. In determining whether a trial court properly granted a summary judgment motion, an appellate court must review the standard for granting summary judgment set forth in Civ.R. 56, as well as the applicable law.
 {¶ 9} Civ.R. 56(C) provides, in pertinent part, as follows:
 {¶ 10} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *."
 {¶ 11} Thus, summary judgment may not be granted unless the evidence demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1977) 77 Ohio St.3d 421, 429-430.
 {¶ 12} Summary judgment may not be granted until the moving party sufficiently demonstrates the absence of a genuine issue of material fact. The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Once the moving party meets the initial burden, the nonmoving party must then set forth specific facts demonstrating that a genuine issue of material fact does exist that must be preserved for trial, and if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id. at 293.
 {¶ 13} As indicated above, Brunstetter's complaint alleges that Keating committed legal malpractice when he represented Brunstetter in his application for guardianship of Brunstetter's father, Milford. To establish a claim for legal malpractice a plaintiff must show: (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages suffered by a client as a result of that attorney's breach of duty. Sprague v. Simon (2001) 144 Ohio App.3d 437, 441, citingKrahn v. Kinney (1989), 43 Ohio St.3d 103, 105. Failure to prove any one of these elements entitles a defendant to summary judgment on a legal malpractice claim.
 {¶ 14} In the instant matter, there is no ostensible issue attendant to the first prong of the foregoing test. That is, neither Brunstetter nor Keating dispute the existence of an attorney-client relationship giving rise to a duty of care. As such, the current appeal involves prongs two and three of the Krahn test; namely, whether Brunstetter sufficiently defined the scope of Keating's duty and whether such duty was actually breached giving rise to damages.
 {¶ 15} Initially, Brunstetter concedes he did not employ an expert to testify as to the accepted standards of legal representation with respect to handling of his father's guardianship. However, Brunstetter alleges that such testimony was unnecessary because the allegations of negligence are "easily within the grasp of the understanding of a layman." In particular, Brunstetter alleges that Keating failed to advise him and his siblings as to a proposed settlement in his father's case. Moreover, appellant claims, that Keating entered into the purported settlement with neither his nor his siblings' approval.
 {¶ 16} Summary judgment in favor of the attorney is appropriate when a plaintiff fails to supply expert testimony on alleged negligence that is "neither within the ordinary knowledge of the layman nor so clear as to constitute negligence as a matter of law." Bloom v. Dieckmann
(1983), 11 Ohio App.3d 202, 203. In all but a few cases, expert testimony is required to support allegations of legal malpractice. Id. In the current matter, the lower court granted Keating summary judgment due to Brunstetter's failure to present expert testimony regarding the alleged legal malpractice. Therefore, the paramount issue, in Brunstetter's first assignment of error, is whether the alleged negligence constitutes negligence as a matter of law or is within the ordinary knowledge of a layman. Bloom, supra.
 {¶ 17} With respect to the former, the failure to observe a duty specifically imposed by a legislative enactment that exists for the safety and protection of others is negligence as a matter of law, or negligence per se. Gressman v. McClain (1988), 40 Ohio St.3d 359, 362. Brunstetter does not claim Keating's purported misconduct was a breach of any particular statutory duty. As such, appellant's alleged misconduct does not rise to the level of negligence as a matter of law.
 {¶ 18} However, Brunstetter argues that Keating's negligence is so obvious as to be within the ken of the average lay juror. In effect, Brunstetter claims that an average lay juror could easily infer negligence from Keating's purported failure to advise Brunstetter of the settlement which Keating allegedly unilaterally approved. We disagree. An average juror has neither the training nor the expertise to infer, from appellant's bare allegations, that a reasonable attorney, similarly situated, would have acted differently than Keating under the circumstances.
 {¶ 19} In order to demonstrate a legally cognizable claim for negligence, a plaintiff is required to establish a breach of a legal duty owed to him by a defendant. In order to prove that a defendant breached a legal duty, a plaintiff must first demonstrate the standard of care from which the legal duty arises. In the current case, Brunstetter failed to set forth a standard of care and consequently, he failed to establish the duty owed to him by Keating. Thus, Brunstetter's ipse dixit conclusion that his allegations sufficiently establish a cause of action for legal malpractice is erroneous.
 {¶ 20} Furthermore, the record reflects that all interested parties were present at the October 7, 1999 hearing. The record also indicates that all interested parties came to a mutual agreement as to the settlement and that, in the court's estimation, the settlement was in Milford's best interest. Brunstetter alleges that Keating entered into the settlement without consulting him. However, without an expert witness to elaborate on the nature of Keating's duties within the scope of the guardianship hearing, a lay jury would not have a foundation on which it could conclude that Keating's conduct was unreasonable under the circumstances. Therefore, we do not think that Keating's purported acts or omissions involve negligence "within the ordinary knowledge" of the layperson.
 {¶ 21} Brunstetter's position exhibits a further infirmity: It necessarily assumes what Brunstetter is required to prove, viz. that the alleged breach of duty is within the common understanding of lay persons. Specifically, Brunstetter maintains that his allegations establish negligence because a lay juror would easily infer a breach of Keating's professional duty from such acts or omissions. However, this assumes that all jurors are alert to the relevant standard of care on which Brunstetter premises the alleged breach. Under the circumstances, such an assumption is both unwarranted and erroneous. Therefore, by failing to offer expert testimony as to the relevant standard of care, Brunstetter has failed to demonstrate whether Keating breached the duty he owed Brunstetter as his attorney.
 {¶ 22} In sum, we are unable to conclude that Keating's negligence, if any, is capable of being determined by lay persons without the assistance of one or more expert witnesses. The legal issue presented by Brunstetter is not a matter within the ordinary knowldege of lay persons. As such, Brunstetter was obligated to present more than his conclusory theories as to how Keating committed malpractice. Thus, appellant was required to support his claim of legal malpractice with expert testimony.
 {¶ 23} However, even were we to sustain Brunstetter's argument on the preceding issue, he fails to set forth a causal connection between the breach of duty and the resulting damage or loss. The third element of a legal malpractice claim requires a plaintiff to establish he suffered damages as a proximate result of the attorney's breach of duty. Palmerv. Westmeyer (1988), 48 Ohio App.3d 296. To prove the damage's prong of a legal malpractice action, a plaintiff must prove that, but for the attorney's negligence, he would have prevailed in the original action had the attorney not been negligent." Junke v. Friedman (Dec. 26, 1996), 8th Dist. No. 69883, 1996 Ohio App. LEXIS 5826, at 7, citing Rinehart v.Maiorano (1991), 76 Ohio App.3d 413, 419.
 {¶ 24} In the current case, Brunstetter does not set forth how Keating's acts or omissions directly caused him damage. Further, Brunstetter does not allege that he would have prevailed absent Keating's negligence. Fundamentally, Brunstetter seems to argue that Keating's negligence caused him to lose his inheritance. However, appellant does not make a cohesive argument as to how appellee's acts or omissions were sine qua non for his loss. Moreover, it is debatable whether Brunstetter has an actual property interest in his future inheritance while Milford is still alive. However, even if such an interest exists, Brunstetter is not entitled to the inheritance until Milford's death. That said, it is difficult for us to discern how Keating's alleged negligence at the guardianship hearing could cause Brunstetter's alleged loss when Brunstetter had no present entitlement to the property subject to the settlement. Thus, without a greater factual nexus, Brunstetter's argument with respect to causation does not establish that, but for Keating's negligence, Brunstetter would not have suffered the loss alleged. Hence, the trial court did not err in granting summary judgment in Keating's favor because there was no genuine issue of material fact as to the issue of causation.
 {¶ 25} In his second assignment of error, Brunstetter asserts that the trial court erred in failing to compel Keating to respond to various outstanding discovery requests. We disagree.
 {¶ 26} The regulation of discovery is left to the discretion of the trial judge and, upon appeal to this court, we review assignments of error regarding discovery matters for an abuse of that discretion.Kitchen v. Welsh Ohio, LLC, 10th Dist. No. 01AP-1003, 2002 Ohio App. LEXIS 4012, ¶ 44, citing State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 57. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion which prejudicially affects a substantial right of the moving party, an appellate court will not reverse a trial court's ruling on a discovery matter. Daggett, supra, at 58.
 {¶ 27} On or about March 6, 2002, Brunstetter filed two motions to compel discovery. The first concerned requests to compel Keating to produce certain documents and provide certain information. The second concerned a request to compel the probate court to release all medical and psychological documents dealing with Milford's health. Both motions were subsequently overruled.
 {¶ 28} In his brief, Brunstetter points to certain interrogatories that, in his belief, the court should have compelled Keating to answer. Civ.R. 33 governs interrogatories. Subsection (B) to this rule provides that interrogatories may relate to any matters that can be inquired into under Civ.R. 26(B), and the answers may be used to the extent permitted by the rules of evidence. The latter rule states:
 {¶ 29} "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Civ.R. 26(B)(1).
 {¶ 30} Appellant fails to articulate how the interrogatories at issue are relevant to the subject matter involved in the pending action. Moreover, Brunstetter does not explain how the trial court's ruling prejudicially affected his substantial rights. Thus, the lower court did not abuse its discretion by denying Brunstetter's motion to compel.
 {¶ 31} Moreover, Brunstetter claims that compelling all medical evaluations, psychological evaluations, and all medical records of his father could lead to the discovery of admissible evidence. Initially, however, Brunstetter's motion to compel was addressed to the probate court, a non-party. Pursuant to Civ.R.34(C), any party seeking documents from a non-party may compel their production by way of a subpoena in accord with Civ.R. 45. After a review of the record, Brunstetter failed to subpoena the documents he sought. Therefore, procedurally, Brunstetter failed to comply with the civil rules.
 {¶ 32} Notwithstanding this error, it is unclear how compelling such documents were relevant to the subject matter of the pending malpractice action. That is, without a clearer connection, we cannot conclude that the above records were relevant to Keating's performance in relation to the guardianship proceedings. As such, Brunstetter fails to demonstrate how the trial court's ruling prejudicially affected his substantial rights. Thus, the lower court did not abuse its discretion when it overruled Brunstetter's motions to compel; consequently, Brunstetter's second assignment of error is without merit.
 {¶ 33} For the reasons set forth in the foregoing opinion, appellant's assignments of error are without merit. Therefore, the Trumbull County Court of Common Pleas' decision to enter summary judgment in Keating's favor is affirmed.
Judgment affirmed.
JUDITH A. CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.