OPINION
{¶ 1} In this accelerated calendar case, appellant, Debra Holik, appeals the judgment entered by the Ashtabula County Court of Common Pleas. The trial court entered summary judgment in favor of appellee, Charles Lafferty, Esq.
 {¶ 2} In April 1999, Holik's mother, Ethel Schminder ("Ethel"), died. In January 2000, her will was filed with the Ashtabula County Probate Court. Ethel's will provided that Holik and her brother, William Schminder ("William"), were to be coexecutors of the estate. However, Holik and William were not getting along, so, upon their request, the trial court appointed Attorney Lafferty to be the administrator with will annexed of the estate.
 {¶ 3} The primary asset of Ethel's estate was her house in Ashtabula, Ohio. At the time of Ethel's death, Holik was living in the Ashtabula residence. She continued to live in the house for several years after Ethel's death. Eventually, the house was sold for $38,000. This sale was approved by the probate court. Lafferty charged Holik rent, at $300 per month, for the time she lived in Ethel's house following her death.
 {¶ 4} While the estate matter was pending, Lafferty moved the probate court for an order increasing his hourly rate from $125 to $140 per hour for legal work relating to the estate. The probate court granted his motion and authorized the increase in his rate.
 {¶ 5} Lafferty filed a final accounting of the estate. Included in this accounting was a charge for rent against Holik, in the amount of $300 per month for twenty-nine months, totaling $8,700. Holik filed objections to Lafferty's final accounting. The probate court held a hearing on the matter. Following the hearing, the probate court overruled Holik's objections and approved the accounting. Holik did not appeal the probate court's judgment entry to this court.
 {¶ 6} In March 2004, Holik, William, and the estate filed the instant action against Lafferty in the General Division of the Ashtabula Common Pleas Court. The complaint set forth claims for breach of fiduciary duty, negligence, fraud, and legal malpractice. Essentially, the complaint asserted that Lafferty was negligent in his handling of the estate. Lafferty filed an answer to the complaint. Thereafter, he filed a motion for summary judgment. Lafferty attached copies of several documents from the probate court file to his motion as exhibits. Holik filed a response in opposition to Lafferty's motion for summary judgment. Holik did not attach any affidavits or other evidentiary material to her response. The trial court granted Lafferty's motion for summary judgment. Only Holik has appealed the trial court's judgment entry to this court.
 {¶ 7} In addition to the present action, Holik filed a separate complaint for legal malpractice against Attorney Sally Richards. Attorney Richards represented Holik for portions of the probate court proceedings. Holik's appeal regarding her malpractice action against Attorney Richards is also determined today.[1]
 {¶ 8} Holik raises the following assignment of error:
 {¶ 9} "The trial court erred to the prejudice of the appellant by granting summary judgment when genuine issues of material fact remained to be litigated; appellee was not entitled to judgment as a matter of law; and, while reasonable minds can come to but one conclusion, such was adverse to the appellee, not appellant."
 {¶ 10} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party.[3] The standard of review for the granting of a motion for summary judgment is de novo.[4]
 {¶ 11} In Dresher v. Burt, the Supreme Court of Ohio set forth a burden-shifting exercise to occur in a summary judgment determination. Initially, the moving party must point to evidentiary materials to show that there are no genuine issues of material fact and they are entitled to judgment as a matter of law.[5] If the moving party meets this burden, a reciprocal burden is placed on the nonmoving party to show that there is a genuine issue of fact for trial.[6]
 {¶ 12} Initially, we will address whether Lafferty was entitled to summary judgment on Holik's claim for legal malpractice.
 {¶ 13} "To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss."[7]
 {¶ 14} Holik asserts there is no question there was an attorney-client relationship between herself and Lafferty. We disagree.
 {¶ 15} Lafferty attached several judgment entries from the probate court to his motion for summary judgment. These judgment entries clearly describe him as "Administrator, WWA."
 {¶ 16} A fiduciary's duty may be limited.[8] InSprague v. Simon, this court held that an attorney, provided by the insurance company, owed a duty to defend a lawsuit against an insured, but owed no duty to the insured to initiate a cross-claim on his behalf.[9] This court noted that the fact the insured had retained separate counsel to pursue the cross-claim indicated that the insured was aware that the insurance-company-provided attorney owed him no duty in regard to the cross-claim and, thus, summary judgment was appropriate in favor of that attorney on the insured's subsequent legal malpractice claim.[10] In this matter, Lafferty was not acting as Holik's attorney. He was the administrator of her mother's estate. While he owed her a duty as a beneficiary to the estate, he owed no duty to Holik as her attorney. Further, Holik was represented by separate counsel, whom she individually retained, during the administration of the estate. There was no genuine issue of material fact as to whether Lafferty owed a duty to Holik as her attorney, thus, he was entitled to summary judgment as a matter of law.
 {¶ 17} Holik notes the trial court found that she did not submit expert testimony regarding whether the requisite standard of care was breached. Holik argues that she intended to submit an expert report, but the trial court ruled without giving her the opportunity to do so. Holik's assertion, even if correct, is irrelevant. In legal malpractice actions, expert testimony may be required to establish that that the attorney breached her duty to her client.[11] This goes to the second element of theVahila v. Hall test. However, since Lafferty owed no duty to Holik as her attorney, the first prong of the test was not satisfied, and he was entitled to summary judgment regarding the legal malpractice claim.[12]
 {¶ 18} The remainder of Holik's claims all arise out of Lafferty's administration of the estate. The trial court found that it did not have jurisdiction to consider these claims as they were all within the exclusive jurisdiction of the probate court.
 {¶ 19} Holik argues that since she sought monetary damages for her claims for fraud and legal malpractice, the probate court lacked jurisdiction to hear them. We disagree. In State ex rel.Lewis v. Moser, the Supreme Court of Ohio held:
 {¶ 20} "(1) [T]he probate court's plenary jurisdiction at law and in equity under R.C. 2101.24(C) authorizes any relief required to fully adjudicate the subject matter within the probate court's exclusive jurisdiction, and (2) for breach of fiduciary duty, which inexorably implicate the control over the conduct of the fiduciaries, are within that subject-matter jurisdiction by virtue of R.C. 2101.24(A)(1)(c)."[13]
 {¶ 21} Pursuant to R.C. 2101.24(A)(1)(c), the probate court has "exclusive" jurisdiction "to direct and control the conduct and settle the accounts of executors and administrators." We agree with the trial court that all of Holik's claims fell within the exclusive jurisdiction of the probate court.
 {¶ 22} Moreover, even if it could be argued that the trial court had concurrent jurisdiction, Holik's claims would be barred by the doctrine of res judicata. The Supreme Court of Ohio has held that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[14]
 {¶ 23} In her complaint, Holik alleged that Lafferty (1) sold the house below market value, (2) unilaterally raised his hourly rate during the administration of the estate, (3) improperly charged her rent to live in Ethel's house after her death, and (4) charged an unreasonable fee for his administration of the estate. All of these issues were determined by the probate court and documented in exhibits attached to Lafferty's motion for summary judgment. In a March 18, 2002 judgment entry, the probate court specifically authorized the sale of the house and found that the price of $38,000 was appropriate. In a March 27, 2002 judgment entry, the probate court specifically granted Lafferty's motion to increase his hourly rate from $125 to $140 per hour. Finally, after an oral hearing, the trial court approved the final accounting, which included the claim for rent and Lafferty's total fee. Since there is a valid, final judgment on all of Holik's claims, they would be barred by the doctrine of res judicata.
 {¶ 24} Holik's assignment of error is without merit.
 {¶ 25} The judgment of the trial court is affirmed.
Ford, P.J., Grendell, J., concur.
[1] Holik v. Richards, 11th Dist. No. 2005-A-0006.
[2] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[3] Civ.R. 56(C).
[4] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[5] Dresher v. Burt (1996), 75 Ohio St.3d at 293.
[6] Id.
[7] Vahila v. Hall (1997), 77 Ohio St.3d 421, syllabus, following Krahn v. Kinney (1989), 43 Ohio St.3d 103.
[8] Sprauge v. Simon (2001), 144 Ohio App.3d 437.
[9] Id. at 442.
[10] Id.
[11] (Citations omitted.) Georgeoff v. O'Brien (1995),105 Ohio App.3d 373, 377.
[12] See Vahila v. Hall and Sprauge v. Simon, supra.
[13] State ex rel. Lewis v. Moser (1995), 72 Ohio St.3d 25,29, following Goff v. Ameritrust Co., N.A. (May 5, 1994), 8th Dist. Nos. 65196 and 66016, 1994 WL 173544.
[14] Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.