OPINION
{¶ 1} Appellant, Steven K. Savage ("Savage"), appeals from the judgment entry of the Lake County Court of Common Pleas granting the motion for summary judgment of appellees, the Law Firm of Gardner Kucharski, and attorneys Timothy J. Kucharski and Mark Gardner (collectively referred to as "Kucharski"), in a legal malpractice action.
 {¶ 2} The pertinent facts are as follows. Beginning in June 2001, Kucharski represented Savage in four different cases, two criminal cases in Lake County and Geauga County, as well as a domestic violence case and a divorce action in Lake County. On May 27, 2003, Savage filed a complaint with the Lake County Court of Common Pleas alleging legal malpractice on the part of Kucharski in connection with his representation in all four cases. For the purposes of clarity, we shall review the relevant facts as to each case.
 {¶ 3} On August 29, 2001, Savage was indicted in Lake County on charges including rape, kidnapping, and attempted rape with sexually violent predator specifications. The charges alleged sexual misconduct with his stepdaughter, a minor. Savage pled guilty to one count on January 11, 2002. The trial court determined that Savage is a sexual predator at a subsequent hearing. Savage was incarcerated on February 26, 2002. On March 13, 2002, Kucharski, appealed the determination that Savage was a sexual predator in State v. Savage, 2002-L-036, 11th Dist. No.2003-Ohio-5220. On May 31, 2002, Attorney Ruth Fischbein-Cohen took over the appeal.
 {¶ 4} In his Geauga County Case, Savage, represented by Kucharski, entered a voluntary plea of guilty on December 10, 2001, to five out of twenty-two counts of rape, attempted rape, and sexual battery. Savage was sentenced to a fifteen year prison term.
 {¶ 5} During the pendency of these criminal proceedings, Savage's wife, Tina, filed a cause of action for divorce and a charge of domestic violence was brought against Savage in the Lake County Court of Common Pleas. Kucharski initially represented Savage in these cases, as well.
 {¶ 6} On May 13, 2002, Kucharski received a letter allegedly signed by both Savage and his father, by power of attorney, stating as follows:
 {¶ 7} "I have retained Ruth Rose Fischbein-Cohen, Attorney at Law to represent my son Steven K. Savage in the matter that you are currently representing him. I expect all documents, any hand written notes or any tapes [etc] that you might currently have in your possession turned over to Ruth Fischbein immediately."
 {¶ 8} On May 27, 2003, Savage filed a complaint against Kucharski alleging legal malpractice in each of the four cases. Savage alleged that Kucharski failed to appear for hearings, and acted negligently.
 {¶ 9} Kucharski filed a motion for summary judgment on August 6, 2004, on the basis that Savage's claim was barred by the statute of limitations, and no existence of a genuine issue of material fact. Savage filed a memorandum in opposition on August 27, 2004. On September 10, 2004, Kucharski filed a reply brief.
 {¶ 10} On November 18, 2004, the trial court granted Kucharski's motion for summary judgment, as to the claims of legal malpractice in three of the four cases, on the basis that these claims were not filed within the one year statute of limitations provided in R.C. 2305.11(A). As to the divorce case, the court held in relevant part: "the plaintiff alleges that the defendants failed to appear at a hearing on July 24, 2002. The court notes that this was after the date the defendant terminated the attorney-client relationship. However, the plaintiff indicates that the magistrate's report noted that the defendants failed to file an answer on his behalf. If this date is the earliest date at which the plaintiff became aware that the defendants failed to file an answer on his behalf, then * * * it is the relevant date for purposes of the statute of limitations, and the plaintiff's claim regarding the divorce case was filed within the statute of limitations."
 {¶ 11} On June 17, 2005, Kucharski filed a "motion for leave to file a motion for summary judgment instanter," as to the remaining malpractice claim in the divorce case, which was granted by the court. Kucharski filed a brief with affidavits and exhibits.
 {¶ 12} On July 5, 2005, Savage filed a motion for reconsideration of the grant of partial summary judgment. On July 18, 2005, Savage filed a brief in opposition. On July 22, 2005, Kucharski filed a reply brief. On August 8, 2005, the trial court granted Kucharski's motion for summary judgment, and denied Savage's motion for reconsideration.
 {¶ 13} It is from that judgment that Savage filed this timely appeal and asserts the following assignments of error:
 {¶ 14} "[1.] The trial court abused it's [sic] discretion and committed prejudicial error when it resolved ambiguities in documentary evidence, and construed the evidence most strongly in favor of the moving party.
 {¶ 15} "[2.] The trial court erred in granting defendants' motion for summary judgment on the basis of the statute of limitations is contrary to law and against the manifest weight of the evidence.
 {¶ 16} "[3.] The trial court erred when it granted the defendants motion for summary judgment, as to the plaintiff's legal malpractice claims, and denied plaintiff's motion for reconsideration."
 {¶ 17} Savage's three assignments of error are interrelated. We will address them together in determining the primary issues: Did the trial court erroneously grant Kucharski's motion for summary judgment and improperly deny Savage's motion for reconsideration?
 {¶ 18} For purposes of appeal, our review of the trial court's decision granting summary judgment is de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Cty. Commrs. of SciotoCty. (1993), 87 Ohio App.3d 704, 711. (Citation omitted.)
 {¶ 19} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."
 {¶ 20} The moving party has the burden to establish that there is no genuine issue as to any material fact. Civ.R. 56(C). This burden can be met by identifying specific facts in the record which would indicate the absence of genuine issues of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. By establishing that the non-moving party's case lacks the necessary evidence to support its claims, the moving party successfully discharges its burden. Id. at 289-290. Once this burden has been met, the non-moving party has a reciprocal burden to "set forth specific facts showing that there is a genuine issue for trial." Id. at 293.
 {¶ 21} In his first and second assignments of error, the issue is whether the court was correct in granting summary judgment in favor of Kucharski by ruling that as to three of the four cases, Savage's claims of malpractice were barred by the statute of limitations.
 {¶ 22} "R.C. 2305.11(A) provides that a party must bring a claim for legal malpractice within one year after the cause of action accrued." Biddle v. Maguire Schneider, LLP, 11th Dist. No. 2003-T-0041, 2003-Ohio-7200, at ¶ 17. In interpreting this statute, the Supreme Court of Ohio has held: "Under R.C.2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Zimmie v. Calfee, Halter Griswold (1989),43 Ohio St.3d 54, syllabus.
 {¶ 23} Savage's initial claim for malpractice against Kucharski arose out of legal representation provided to him in four cases. Based upon the evidence, the trial court found that Savage's attorney-client relationship with Kucharski ended, at the latest, on May 13, 2002, when Savage, and his father, wrote to Kucharski expressing that they had made arrangements for new counsel and instructing Kucharski to turn over records. An attorney-client relationship can terminate upon the affirmative act of either party, including a letter specifically indicating that representation has terminated. Chambers v. Melling, 8th Dist No. 85045, 2005-Ohio-2456, at ¶ 18; Trickett v. Krugliak,Wilkins, Griffiths Dougherty Co., L.P.A., (Oct. 26, 2001), 11th Dist. No. 2000-P-0105, 2001 Ohio App. LEXIS 4806, at 7. Here, the trial court found that the date of termination of the attorney-client relationship for all of the cases, was the May 13, 2002 letter.
 {¶ 24} Thus, unless there was a cognizable event occurring at a later date, whereby Savage discovered or should have discovered that his injury was related to Kucharski's act or non-act, Savage's complaint for legal malpractice would have to have been filed by May 13, 2003.
 {¶ 25} We address this issue separately as to each of the three cases.
 {¶ 26} In his domestic violence case, Savage argues that Kucharski failed to appear for hearings on July 20, 2001, and April 29, 2002, resulting in "adverse rulings." Thus, Savage was aware of the alleged malpractice on those dates, making April 29, 2002 the latest date of a cognizable event putting Savage on notice of the need to pursue possible remedies against Kucharski. Because that date was prior to the termination of the attorney-client relationship, the relevant date for the purpose of the statute of limitations remains May 13, 2002.
 {¶ 27} In the two criminal cases, Savage asserts that he requested Kucharski to appeal both his sentence and the court's imposition of sexual predator status, but that Kucharski failed to appeal his sentence. The appeal of his sexual predator status was filed on March 13, 2002. Therefore, that is the date of any event putting Savage on notice. Since that date was prior to the termination of the attorney-client relationship, the relevant date for the purpose of the statute of limitations is May 13, 2002. Since Savage did not file his action against Kucharski until May 27, 2003, the trial court properly applied Zimmie,
and found that Savage's malpractice claim against Kucharski in three of the four underlying cases was time barred.
 {¶ 28} As to the divorce case, the trial court properly found that Savage's claim of legal malpractice in that case was not barred by the statute of limitations. Savage asserted that Kucharski failed to appear at a hearing on July 24, 2002. At that hearing, the magistrate noted that Savage had not filed an answer. Because that date is after the May 13, 2002 termination letter, it is the relevant date for purposes of the statute of limitations and Savage's claim is not time barred.
 {¶ 29} Savage next contends that the trial court erred in granting its summary judgment motion in favor of Kucharski in the divorce action because the record demonstrates a genuine issue of material fact. We disagree.
 {¶ 30} In order to establish a cause of action for malpractice, a plaintiff must establish a tripartite showing: an attorney-client relationship giving rise to a duty, a breach of that duty, and damages proximately caused by the breach. Vahilav. Hall (1997), 77 Ohio St.3d 421, syllabus, following Krahn v.Kinney (1989), 43 Ohio St.3d 103; see, also, Holik v.Lafferty, 11th Dist. No. 2005-A-0005, 2006-Ohio-2652. "`Failure to prove any one of these elements entitles a defendant to summary judgment on a legal malpractice claim.'" Belknap v.Vigorito, 11th Dist. No. 2003-T-0147, 2004-Ohio-7232, at ¶ 15, quoting Brunstetter v. Keating, 11th Dist. No. 2002-T-0057, 2003-Ohio-3270, at ¶ 13; Sprague v. Simon (2001),144 Ohio App.3d 437, 441. Neither party disputes the existence of an attorney-client relationship between the parties. Thus, we focus on the second and third elements of the Vahila test.
 {¶ 31} This court has held that "[s]ummary judgment in favor of the attorney is appropriate when a plaintiff fails to supply expert testimony on alleged negligence that is `neither within the ordinary knowledge of the layman nor so clear as to constitute negligence as a matter of law.'" Brunestetter, at ¶ 16, quoting Bloom v. Dieckmann (1983), 11 Ohio App.3d 202, 203.
 {¶ 32} Savage alleges that Kucharski breached his duty in his representation in the divorce matter. Conversely, Kucharski contends that he properly withdrew from representation in response to the May 13, 2002 letter. The docket of the divorce case indicates that Attorney Fischbein-Cohen filed a notice of appearance as co-counsel on May 20, 2002. Whether an attorney properly withdrew from representation of a client is not within the common knowledge of lay people. Thus, expert testimony would be required in order to establish a breach of the duty. SeeForsyth v. Feinstein, 2d Dist. No. 99-CA-66, 2000 Ohio App. LEXIS 549, at 12. On a summary judgment motion when expert testimony is required, if the moving party presents expert testimony and the other party fails to do so, summary judgment is proper for the party presenting the expert testimony. Id. at 13, citing, Georgeoff v. O'Brien (1995), 105 Ohio App.3d 373,377-378.
 {¶ 33} Kucharski submitted affidavits from Timothy Kucharski and Mark Gardner, both attesting that their representation of Savage "met the applicable standard of care [.]" This testimony discharged their burden under Civ.R. 56. In contrast, Savage failed to put forth any opposing expert testimony demonstrating a breach of duty by Kucharski, other than his own affidavit. In a July 13, 2005 affidavit, Savage alleged that "I have studied * * * law, * * * been an advisor and advocate for prison inmates[.] * * * It is my belief that the law firm of Gardner and Kucharski, Mark Gardner, and Timothy Kucharski, failed to meet the applicable standard of care[.]" There is nothing to indicate that Savage was or is an attorney duly authorized to practice law in this state. This is not evidence of expert testimony necessary to meet his reciprocal burden as a non-movant under Civ.R. 56(E). As a result, summary judgment was proper in favor of Kucharski.
 {¶ 34} Further, Savage did not present any evidence of damages that he suffered as a result of any breach by Kucharski. We are mindful that the party seeking summary judgment always bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support his or her claim. Then, and only then, is the initial burden discharged, requiring the nonmoving party to comply with Civ.R. 56(E). Here, Kucharski raised the issue of proximate cause by asserting new evidence that shows "the presence or absence of an answer filed by Savage or anyone on his behalf * * * was not determinative in any way on the outcome of the divorce." Savage appealed his divorce case to this court, which we affirmed in Savage v. Savage, 11th Dist. Nos. 2004-L-024 and 2004-L-040, 2004-Ohio-6341.
 {¶ 35} To sustain a legal malpractice claim, the Ohio Supreme Court has rejected the "blanket proposition that requires a plaintiff to prove, in every instance, that he or she would have been successful in the underlying matter." Vahila at 428. However, "the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim." Id. at 427-428.
 {¶ 36} Based on the foregoing, summary judgment in favor of Kucharski was proper in all four underlying causes of action.
 {¶ 37} Finally, Savage's argument in his third assignment of error that the court improperly denied his motion to reconsider is not well-taken. On July 5, 2005, at the time Kucharski's summary judgment motion was pending regarding the divorce action, Savage filed a motion to reconsider the trial court's earlier granting of partial summary judgment, as to Kucharski's representation in the other cases. A trial court's decision whether to reconsider a previous interlocutory order is reviewed under an abuse of discretion standard. See Vanest v. PillsburyCo. (1997), 124 Ohio App.3d 525, 535. On the basis of our determination above, this portion of Savage's third assignment of error is without merit.
 {¶ 38} Savage's three assignments of error are without merit. The judgment of the Lake County Court of Common Pleas is affirmed.
Grendell, J., Rice, J., concur.