JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Eugene Patitucci ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} This case involves the appeal of a directed verdict in a legal malpractice claim. Because of the complexity of the situation, it is beneficial to conduct a brief history of the case.
 {¶ 3} According to the record, appellant injured Kenneth Walsh[1] ("Walsh") in a fight in which appellant was charged with assault. Appellant and Walsh exchanged words, and later an altercation ensued on an icy surface outside of a store. Appellant grabbed Walsh, causing both parties to fall to the ground. The altercation continued until appellant was pulled off of Walsh. Walsh sustained significant injuries to his elbow. As a result of this altercation, appellant was found guilty of criminal assault on January 16, 1997.
 {¶ 4} Walsh prevailed in the initial criminal case and subsequently filed a civil case against appellant. The civil complaint alleged that appellant negligently and/or intentionally injured Walsh. The action was dismissed and refiled on December 30, 1998. Appellant's insurer, Anthem Casualty Insurance Company ("Anthem"), provided appellant with a defense in this case. However, appellant's defense was provided under a reservation of rights. The attorney Anthem retained for appellant was Paul Ziegler of McNeal, Schick, Archibald Biro. Attorney Ralph DeFranco ("DeFranco") originally represented appellant in the criminal matter and continued to represent him in Walsh's civil action.
 {¶ 5} Anthem moved to intervene in Walsh's civil action to assert a declaratory judgment claim regarding appellant's coverage. DeFranco filed a brief in opposition. The lower court denied the motion and Anthem appealed. Neither DeFranco nor Ziegler opposed Anthem's appeal on appellant's behalf. The trial court's judgment was reversed, and Anthem was allowed to intervene.
 {¶ 6} Anthem moved for summary judgment. Neither DeFranco nor Ziegler responded, although Walsh did. The trial court granted summary judgment in Anthem's favor, determining that Anthem's insurance policy did not provide coverage to appellant for Walsh's injuries. As a result, Ziegler withdrew from his representation of appellant in Walsh's action, leaving DeFranco as appellant's sole counsel.
 {¶ 7} Appellant settled with Walsh, agreeing to pay him $25,000 and to assign Walsh any recovery he might have against Ziegler and McNeal, Schick Archibald. As part of the settlement, appellant confessed judgment on Walsh's complaint.
 {¶ 8} Walsh was eventually awarded $1,250,000 at a damage hearing before a visiting judge. Appellant then filed a malpractice action against Paul Ziegler and McNeal, Schick, Archibald Biro, stemming from their representation of appellant in the civil matter, Walsh v. Patitucci, Case No. CV-373037. Appellant alleged that Ziegler and McNeal, Schick, Archibald 
Biro were negligent in failing to oppose Anthem's appeal on the motion to intervene and in failing to oppose Anthem's motion for summary judgment regarding coverage. After appellant's case in chief in the malpractice action, appellee moved for a directed verdict. The trial judge heard oral arguments and then granted appellees' motion for directed verdict for defendant, finding no malpractice. On January 5, 2006, appellant filed this appeal.
 II. {¶ 9} Appellant's first assignment of error states the following: "The trial court erred to the prejudice of appellant, Eugene Patitucci, in granting a directed verdict in favor of appellees, McNeal, Schick, Archibald Biro and Paul W. Ziegler, Esq."
 III. {¶ 10} Appellees' assignments of error in their cross-appeal state the following:
 {¶ 11} "The trial court erred in failing to grant summary judgment to appellee on the grounds that the plaintiff's settlement acts as a waiver of separate or additional legal malpractice claims related to the settlement."
 {¶ 12} "The trial court erred in failing to grant a directed verdict to appellee on the grounds that appellant failed to initiate the cause of action against the appellees within the applicable one year statute of limitations."
 {¶ 13} "The trial court erred in failing to grant a directed verdict limiting the plaintiff's claims to damages to the $25,000 liability cap set forth in the Patitucci/Walsh settlement agreement."
 {¶ 14} "The trial court erred in failing to dismiss the Wexler law firm from the case."
 {¶ 15} "The trial court erred in granting a motion for summary judgment on the pleadings to third party defendant attorney Ralph DeFranco."
 IV. {¶ 16} A motion for directed verdict is to be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to such party. Civ.R. 50(A)(4); Crawford v. Halkovics (1982),1 Ohio St.3d 184; The Limited Stores, Inc. v. Pan American WorldAirways, Inc., 65 Ohio St.3d 66, 1992-Ohio-116.
 {¶ 17} A directed verdict is appropriate where the party opposing it has failed to adduce any evidence on the essential elements of this claim. Cooper v. Grace Baptist Church (1992),81 Ohio App.3d 728, 734. The issue to be determined involves a test of the legal sufficiency of the evidence to allow the case to proceed to the jury, and it constitutes a question of law, not one of fact. Hargrove v. Tanner (1990), 66 Ohio App.3d 693,695; Vosgerichian v. Mancini Shah Associates, et al. (Feb. 29, 1996), Cuyahoga App. Nos. 68931 and 68943. Accordingly, the courts are testing the legal sufficiency of the evidence rather than its weight or the credibility of the witnesses. Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68-69. Since a directed verdict presents a question of law, an appellate court conducts a de novo review of the lower court's judgment. Howellv. Dayton Power and Light Co. (1995), 102 Ohio App.3d 6, 13;Keeton v. Telemedia Co. of S. Ohio (1994), 98 Ohio App.3d 405,409.
 {¶ 18} It is with the above standards in mind that we now address appellant's assignment of error. As previously stated, DeFranco represented appellant in both the criminal and civil matters, while Ziegler worked for Anthem and represented appellant only in that capacity.
 {¶ 19} A potential conflict of interest exists when an insurer assumes control of a defense for an insured but also intends to challenge its duty to indemnify if the defense is unsuccessful. The insurer may undertake a defense on behalf of an insured yet protect its position by reserving its rights under the policy. A reservation of rights consists of notice given by the insurer that it will defend the suit, but reserving all rights it has based on noncoverage under the policy. See, e.g.,Britton v. Smythe Cramer Co. (2000), 139 Ohio App.3d 337, 345. Therefore, the reservation of rights letter puts the insured on notice that it may be in his best interest to retain personal counsel.
 {¶ 20} The reservation of rights letter Anthem sent to appellant specifically stated, "[w]e respectfully suggest that it may be to your advantage to consider retaining your own personal attorney, at your own expense, to assist you in the defense of those claims which may not be covered by your policy." In the case at bar, appellant already had separate counsel representing him in this case.
 {¶ 21} The scope of representation given by Ziegler and McNeal, Schick, Archibald Biro was defined. They were retained only to defend appellant in Walsh's lawsuit against him for claims covered by his homeowner's policy. Accordingly, representation in any proceeding by or against Anthem was not within the scope of their retainer. Cf. Sprague v. Simon
(2001), 144 Ohio App.3d 437.
 {¶ 22} The requirements to establish a cause of action for legal malpractice relating to civil matters are: (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach.Krahn v. Kinney (1989), 43 Ohio St.3d 103 at 105.
 {¶ 23} Generally, in order to establish the element of proximate cause in an action for legal malpractice, a plaintiff must establish a "causal connection" between the attorney's action and the unwanted result. Vahila v. Hall,77 Ohio St.3d 421, 1997-Ohio-259.
 {¶ 24} In addition to the reservation of rights letter and the limited scope of appellant's representation discussed above, we find further support for the lower court's decision below. Appellant could not reasonably have expected that Ziegler and McNeal, Schick would represent him against Anthem's complaint for a declaratory judgment regarding coverage. These attorneys were retained by Anthem to represent appellant with respect to the personal injury action filed by Walsh. It would be a clear conflict for Anthem to pay for and direct the defense of a suit filed by Anthem itself. According to the docket in the case, DeFranco answered Anthem's complaint for a declaratory judgment on appellant's behalf, not Ziegler. This demonstrates that DeFranco was aware of the situation with Ziegler and Anthem and represented appellant in the appropriate capacity.
 {¶ 25} Ziegler was not representing appellant on the declaratory judgment and did not have a duty to advise appellant on matters outside the scope of his representation. Accordingly, Ziegler did not have a conflict of interest in this situation because he was not representing appellant on the declaratory judgment. Therefore, there is no need to address any alleged duties on the part of appellant's attorneys in this appeal. Consequently, appellees' cross-assignments of error are moot.
 {¶ 26} Accordingly, appellant's assignment of error is overruled. The trial court's granting of a directed verdict is affirmed. It is ordered that appellees recover from appellant costs herein taxed. It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., concurs; Cooney, P.J., concurs in judgment only.
[1] Walsh is not a party to this appeal.