OPINION
{¶ 1} Plaintiff John S. Graber appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant Richard Henning and dismissing appellant's claim for legal malpractice. Appellant assigns four errors to the trial court:
 {¶ 2} "I. Appellant was denied his right to trial by jury as guaranteed by and through the seventh amendment of the U.S. constitution, when the trial court violated the time limits of Civ. R. 56 (c) for appellant to respond to appellees' [sic] motion for summary judgment, and dismissed appellants' [sic] complaint.
 {¶ 3} "II. The trial court erred by denying appellant his right to trial by jury as guaranteed by and through the seventh amendment of the U.S. constitution.
 {¶ 4} "III. In violation of the seventh amendment of the U.S. constitution, the trial court erred by dismissing appellants' [sic]complaint were: (a) the trial court denied appellant adequate time to complete discovery; (b) the trial court ignored admissable evidence submitted by appellant; (c) the appellee failed to satisfy his burden; (d) there is a genuine issue of material fact which must be resolved at trial.
 {¶ 5} "IV. The trial court erred by denying appellants' [sic] motion for summary judgment wherein the complaint: (a) is within the statute of limitations; (b) establishes attorney client relationship; (c) establishes a breach of duty; (d) establishes damages proximately caused by the breach."
 {¶ 6} The record indicates appellee represented appellant in the appeal of his conviction on two counts of rape and two counts of gross sexual imposition. Another attorney represented appellant at the trial level.
 I. {¶ 7} In his first assignment of error, appellant argues the trial court violated the time limits of Civ. R. 56 (C), cutting short his time to file a response.
 {¶ 8} Civ. R. 56 (C) provides in pertinent part:
 {¶ 9} The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits.
 {¶ 10} Appellant does not cite us to Stark County Court of Common Pleas Local Rules, but Loc. R. 10.01 of the General Division provides motions for summary judgment taken pursuant to Civ. R. 56 shall be set for hearing and briefs will be due as required by Civ. R. 56 (C).
 {¶ 11} Appellee's motion for summary judgment was filed on May 19, 2004. On May 20, 2004, the Assignment Office of the Court of Common Pleas, over the judge's name, filed an assignment notice setting the matter for non-oral hearing on June 4, 2004, at 8:00 a.m. The assignment notice provides that any reply of the non-moving party, along with appropriate affidavits, etc., shall be filed at least three days prior to the non-oral hearing date.
 {¶ 12} Appellant was served with the motion for summary judgment by certified mail, which indicates he did not receive the motion until May 24, 2004. However, pursuant to Civ. R. 5 (B), service is complete upon mailing.
 {¶ 13} Technically speaking, Civ. R. 56 (C) provides for the service of the motion and the time of the hearing. It does not give the non-moving party a specific number of days in which to respond, but rather, provides the non-moving party may file a response to the motion for summary judgment at any time prior to the date of hearing. Here, the trial court set the matter for non-oral hearing sixteen days from the date appellee served the appellant with the motion. The hearing on the motion was to be a non-oral hearing.
 {¶ 14} Appellant cites us to Hooten v. Safe Auto Insurance Company,100 Ohio St. 3d 8, 2003-Ohio-4829, 795 N.E. 2d 648, wherein the Ohio Supreme Court reviewed a claim the appellant had insufficient notice of the deadline for submitting briefs and summary judgment materials, and insufficient notice of the date the court would consider the motion for summary judgment submitted. The Supreme Court found the best practice is to schedule an explicit cut-off date for submission of the material for summary judgment and to set a date for hearing, although the Rule does not require this.
 {¶ 15} In Hooten, the Court of Common Pleas of Hamilton County had a local rule requiring a memorandum in opposition to any motion, including a motion for summary judgment, must be served on the opposing party's attorney within ten days from the date of service of the motion and memorandum.
 {¶ 16} The Supreme Court held Civ. R. 56 and Hamilton County Local Rule 14 did not necessarily conflict, but to the extent the Local Rule could be interpreted to authorize a hearing ten days from service of the motion, the Local Rule does conflict with Civ. R. 56. The Supreme Court found the local rule envisions a period of more than fourteen days before a hearing because it allows for the filing of a reply memorandum after the response is filed, which means that normally the trial court will wait until the time for reply has expired before it deems the matter submitted. In fact, the Supreme Court found although the response to the motion for summary judgment must be filed within ten days under the Hamilton County Local Rule, nevertheless the non-moving party has until the day before the hearing to file any evidentiary materials as required by the rule.
 {¶ 17} Here, the trial court scheduled the non-oral hearing sixteen days after the filing of the motion, which does not violate the rule. However, when it ordered the nonmoving party to file all the evidentiary materials at least three days before the hearing, it improperly cut short the appellant's time to reply. We find this violates the spirit of the Rule, if not the explicit words.
 {¶ 18} Having found the trial court violated Civ. R. 56, we must determine whether this prejudiced appellant. As appellee points out, appellant did not object to the trial court's cut-off date, nor did he file a motion pursuant to Civ. R. 56 (F) to notify the court he was unable to meet the cut-off date.
 {¶ 19} In reviewing the docket, we also find appellant had filed his own motion for summary judgment on March 19, 2004. Appellee then filed a motion for extension of time to respond. The trial court denied appellant's motion for summary judgment, finding appellant had supplied no evidentiary materials in support of his motion.
 {¶ 20} Only two months later, appellee filed his motion for summary judgment. Appellant did not follow appellee's example in securing an extension of time to reply, nor did he file any response to appellee's motion for summary judgment. The trial court specifically found appellant had not provided the court with any admissible evidence in support of his complaint.
 {¶ 21} We find under the facts and circumstances of this case, appellant has failed to demonstrate he was prejudiced by the trial court's violation of the time constraints of Civ. R. 56.
 {¶ 22} The first assignment of error is overruled.
 II. {¶ 23} In his second assignment of error, appellant argues the trial court erred in denying his jury demand.
 {¶ 24} In light of our holding in I, supra, this matter is moot.
 {¶ 25} Additionally, we find appellant's complaint was filed January 23, 2004. No amendments or cross-claims were filed. Appellant's jury demand was filed on May 6, 2004.
 {¶ 26} Civ. R. 38 provides any party may demand a trial by jury on any issue triable by a jury by making a demand at any time after the commencement of the action but not later than fourteen days after the service of the last pleading directed to such issue. Appellant's jury demand was untimely.
 {¶ 27} The second assignment of error is overruled.
 III. IV. {¶ 28} In his third and fourth assignments of error, appellant challenges the trial court's entry of summary judgment on the merits.
 {¶ 29} A trial court should not enter a summary judgment if it appears there is a material fact in genuine dispute, nor if, construing the allegations most favorably towards the non-moving party, the court finds reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981),67 Ohio St. 2d 427. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-FerrisIndustries of Ohio, Inc. (1984), 15 Ohio St. 3d 321. This court reviews a summary judgment using the same standard as the trial court, Smiddy v.The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35.
 {¶ 30} The Supreme Court has explained the procedure upon summary judgment. The moving party bears the initial responsibility of informing the trial court of the basis of the motion, identifying the portions of the record which demonstrate the absence of a genuine issue of fact or a lack of a material element of the non-moving party's claim, Dresher v.Burt (1996), 76 Ohio St. 3d 280. The non-moving party then has a reciprocal burden and cannot rest on mere allegations or denials in the pleadings, Id.
 {¶ 31} In support of his motion for summary judgment appellee attached an affidavit from Sally Henning, Esquire, stating her expert opinion appellee properly discharged his duties towards appellant, and appellant's criminal appeal was lost on the merits.
 {¶ 32} Appellant did not file anything in response to appellee's motion for summary judgment. However, in his support for his own earlier motion for summary judgment, appellant attached a variety of documents. First, appellant attached a page of this court's original memorandum opinion in his criminal appeal, wherein this court found appellant's grouping of several instances of prosecutorial misconduct into a single assignment of error violated App. R. 12 and 16, and this court declined to discuss them. This is the circumstance which gave rise to the claim of legal malpractice.
 {¶ 33} In addition to the above, appellant attached a copy of a letter he wrote to appellee, dated February 13, 2003. Finally, appellant attached a copy of his brief in support of his application for re-opening his criminal appeal, made pursuant to App. R. 26 (B). The affidavits attached to the application do not address the merits of the application, but rather are in support of appellant's allegation there was good cause for the untimely filing of the application.
 {¶ 34} In order to establish a claim for legal malpractice, the appellant must prove the following elements: 1. the attorney owed a duty or obligation to the appellant; 2. there was a breach of duty or obligation and the attorney failed to conform to the standard of care required by law; and 3. There is a causal connection between the conduct complained of and the resulting damage or loss, see, e.g., Vahila v.Hall (1997), 77 Ohio St. 3d 421.
 {¶ 35} Appellee concedes the existence of a duty, but asserted he neither breached that duty nor failed to conform to the standard of care required by law.
 {¶ 36} We agree appellant presented no evidence contradicting appellee's evidence.
 {¶ 37} We find the trial court did not err in entering summary judgment on behalf of appellee. Accordingly, the third and fourth assignments of error are overruled.
 {¶ 38} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.