OPINION *Page 2 
{¶ 1} Plaintiff-Appellant Lonny J. Aleshire, Jr. appeals the March 7, 2008, decision of the Licking County Court of Common Pleas granting Defendant-Appellee Samuel H. Shamansky's motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about March, 2005, Plaintiff-Appellant Lonny J. Aleshire, Jr retained Attorney Samuel H. Shamansky, Appellee herein, to represent him in the Licking County Court of Common Pleas on the following charges: one count of rape, six counts of unlawful conduct with a minor and three counts of sexual imposition.
 {¶ 3} Following the entry of guilty pleas and imposition of a seven year term of imprisonment, Appellant Aleshire filed a pro se complaint alleging that Mr. Shamansky committed malpractice and failed to fulfill various professional obligations to Appellant during the course of representation.
 {¶ 4} By judgment Entry dated March 7, 2008, the trial court granted summary judgment in favor of Mr. Shamansky. In said Entry, the trial court found that Appellant failed to provide expert testimony establishing a breach of an applicable standard of professional care, and further that even if the alleged malpractice was within the ordinary knowledge and experience of a layman, Appellant failed to establish any genuine issue of material fact as to the claim in the complaint.
 {¶ 5} Plaintiff-Appellant now appeals this decision, assigning the following error for review: *Page 3 
 ASSIGNMENT OF ERROR {¶ 6} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE."
 I. {¶ 7} In his sole assignment of error, Appellant argues that the trial court erred in granting summary judgment in favor of Appellee. We disagree.
 {¶ 8} Civ. R. 56(C) states in pertinent part:
 {¶ 9} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 10} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981), *Page 4 67 Ohio St.2d 427. The court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-Ferris Industriesof Ohio, Inc. (1984), 15 Ohio St.3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law,Russell v. Interim Personnel, Inc. (1999), 135 Ohio App.3d 301.
 {¶ 11} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. This means we review the matter de novo, Doe v. Shaffer, 90 Ohio St.3d 388,2000-Ohio-186.
 {¶ 12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St.3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v.Henkle (1991), 75 Ohio App.3d 732.
 {¶ 13} In his complaint, Appellant asserted that Appellee committed legal malpractice in his representation of Appellant arguing that Appellee failed to prepare an adequate defense and incorrectly advised him to enter a plea of guilty to the rape charge. Appellant's complaint also raised claims of intentional infliction of emotional distress and loss of consortium. *Page 5 
 {¶ 14} To establish a cause of action for legal malpractice based upon negligent representation, a plaintiff must establish (1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; and (3) a causal nexus between the alleged negligent conduct and the resulting damage. Sprague v. Simon (2001), 144 Ohio App.3d 437, 441,760 N.E.2d 833, citing Krahn v. Kinney (1989), 43 Ohio St.3d 103, 105,538 N.E.2d 1058. "Failure to prove any one of these elements entitles a defendant to summary judgment on a legal malpractice claim."Brunstetter v. Keating, 11th Dist. No. 2002-T-0057, 2003-Ohio-3270, at ¶ 13.
 {¶ 15} "A plaintiff must set forth expert testimony to establish that an attorney breached the duty of care owed to the plaintiff."Roberts v. Hutton (2003), 152 Ohio App.3d 412. The only exception to this requirement is when the alleged breach of care is so obvious that it can be determined from the ordinary knowledge and experience of laymen. State v. Buell (1986), 22 Ohio St.3d 124, Bloom v.Dieckmann (1983), 11 Ohio App.3d 202, 203. Finally, an affidavit from the defendant or acting attorney can suffice as a legally sufficient basis upon which to grant a motion for summary judgment absent an opposing affidavit of a qualified expert witness for the plaintiff.See Hoffman v. Davidson (1987), 31 Ohio St.3d 60, 62.
 {¶ 16} Initially, we find that this is not a situation where the alleged breach of care is so obvious that it can be determined from the ordinary knowledge and experience of laymen. Appellee's alleged negligence was neither within the ordinary knowledge of the layman nor so clear as to constitute negligence as a matter of law. Expert testimony was therefore necessary to support a cause of action for said malpractice. *Page 6 
 {¶ 17} In the case sub judice, Appellee filed an Affidavit with his motion for summary judgment admitting that he represented Appellant in the matter of State v. Lonny J. Aleshire, Case No. 05-CR-60 but denying any breach of such duty, Appellee asserted in said affidavit that he explored all possible defenses and sentencing issues, fully communicated with Appellant with regard to all issues concerning evidence and sentencing, and that his representation far exceeded the standard of care.
 {¶ 18} Appellant presented no evidence contradicting Appellee's evidence.
 {¶ 19} This Court has previously held that summary judgment is appropriate where a plaintiff in a legal malpractice action fails to present expert testimony in support of a claim. Graber v. Henning, Stark App. 2004-CA-201, 2005-Ohio-744.
 {¶ 20} We further find, upon review of the record, that Appellant failed to put forth any evidence or support for the claims of emotional distress or consortium.
 {¶ 21} We therefore find the trial court did not err in entering summary judgment on behalf of appellee. *Page 7 
 {¶ 22} Accordingly, Appellant's single assignment of error is without merit and is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 8 
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1