[Cite as *In re Estate of McCauley*, 2014-Ohio-3580.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN RE: ESTATE OF CLETUS P. MCCAULEY, DECEASED | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 2013CA00222 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                  of Common Pleas, Probate Division,
                                  Case No. 209512


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 August 18, 2014


APPEARANCES:

For Plaintiff-Appellee                  For Defendants-Appellants

JOHN R. FRANK                           CRAIG T. CONLEY
3930 Fulton Drive N.W.                  604 Huntington Plaza
Suite 102-A                             220 Market Avenue South
Canton, OH 44718                        Canton, OH 44702

*Baldwin, J.*

{¶1}    Appellants Estate Beneficiary Paula A. Clark and Trust Beneficiaries Jennifer M. Fricke and Emily R. Clark appeal the October 15, 2013 judgment of the Stark County Court of Common Pleas, Probate Division denying their motion to direct reimbursement.  Appellee is John R. Frank, administrator with will annexed (WWA) of the McCauley Estate.

STATEMENT OF FACTS AND CASE

{¶2}    This appeal involves the Estate of Cletus P. McCauley (McCauley Estate). Mr. McCauley died on December 23, 2008. Mary McCauley died on August 9, 2008. Paula Clark is one of four children of Mary and Cletus McCauley.

{¶3}    A will executed by Cletus and Mary on May 29, 2007 gave specific sums of money to their children, including Paula. The remainder was to pour-over into the Cletus P. McCauley Trust. Also on May 29, 2007, Cletus and Mary created an Irrevocable Trust Agreement that primarily benefited their disabled adult son Kevin during his lifetime. (See, Stark County Court of Common Pleas, Probate Division, Case No. 209055, Judgment Entry, filed July 13, 2010).

{¶4}    His daughter, Paula A. Clark (Ms. Clark), who was appointed to serve as executrix, opened Mr. McCauley's estate in the probate court on December 30, 2008. The court removed Ms. Clark as the McCauley Estate executrix on July 13, 2010, and appointed appellee to serve as administrator with will annexed (WWA) of the McCauley Estate on July 28, 2010.

{¶5}    Ms. Clark and her two adult daughters, Jennifer M. Fricke and Emily R. Clark, are the appellants in the instant appeal. They base their standing in this matter

upon their status as a beneficiary of the McCauley Estate and/or as a remainder beneficiary of the wholly discretionary special needs trust, which Mr. & Mrs. McCauley created for their disabled adult son, Kevin L. McCauley (Kevin) in May 2007. Kevin died on September 6, 2013.

{¶6} During the course of his administration of the estate, appellee pursued a legal malpractice action against Attorney Craig T. Conley, counsel for appellants, and against Attorney Shirley Howes. The suit against Attorney Howes was ultimately settled in the estate's favor, while the suit against Attorney Conley was settled in Attorney Conley's favor. The estate paid Attorney Charles J. Kettlewell $4,456.25 in fees for his expert evaluation of the malpractice claims against both attorneys, and paid $450.00 in court costs for the filing of *Estate of Cletus P. McCauley v. Craig T. Conley*, Stark County Common Pleas Court No. 2011CV002325.

{¶7} Appellants filed a motion on June 20, 2013, seeking reimbursement to the estate from appellee for the fees paid to Mr. Kettlewell and for the court costs associated with the malpractice action against Mr. Conley. Following a hearing, the probate court overruled appellant's motion to direct reimbursement.

{¶8} Appellants assign a single error on appeal:

{¶9} "THE TRIAL COURT ERRED IN ITS OCTOBER 15, 2013 DENIAL OF APPELLANTS'/BENEFICIARIES' MOTION FOR ORDER DIRECTING REIMBURSEMENT."

{¶10} Our standard of review of the probate court's grant or denial of litigation expenses from estate funds is whether the court abused its discretion. *In re Estate of Covington*, 7th Dist. Mahoning No. 03 MA 98, 2004-Ohio-3649, ¶21. An abuse of

discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St. 2d 217, 450 N.E. 2d 1140.

{¶11} Appellants argue that the court should have granted their motion to direct reimbursement of litigation expenses for three reasons: (1) Attorney Kettlewell's involvement was unnecessary because appellee is an attorney, (2) the consultation with Attorney Kettlewell conferred no benefit on the estate, and (3) the pursuit of the civil action against Attorney Conley was frivolous.

{¶12} Appellee consulted Attorney Kettlewell for an expert opinion as to whether the estate had a remedy against either Attorney Howes or Attorney Conley. Tr. 7. Unless the alleged breach of care is so obvious that it can be determined from the ordinary knowledge and experience of a layman, an expert witness is necessary in a legal malpractice action to establish that an attorney breached the duty of care. *Aleshire v. Shamansky,* 5th Dist. Licking No. 08 CA 41, 2008-Ohio-5414, ¶15, citing *Roberts v. Hutton*, 152 Ohio App.3d 412, 787 N.E.2d 1267 (2003); *State v. Buell*, 22 Ohio St.3d 124, 489 N.E.2d 795 (1986). The fact that appellee is himself an attorney did not obviate the need for an expert opinion concerning whether Attorneys Howes and Conley breached a duty of care.

{¶13} Appellants argue that the fees incurred in the consultation with Attorney Kettlewell did not confer any benefit on the estate. However, Attorney Kettlewell was consulted regarding the potential of an action against not only Attorney Conley, but also against Attorney Howes. Because the action against Attorney Howes was settled to the benefit of the estate, the consultation did incur a benefit to the estate.

{¶14} Finally, appellants argue the civil action filed against Attorney Conley was frivolous. R.C. 2323.51 defines frivolous conduct as conduct not warranted under existing law and not supported by a good faith argument for extending, modifying, or reversing existing law. Initially, Attorney Kettlewell advised appellee that he did not see an attorney client relationship between Attorney Conley and the estate, such that he owed a duty to the estate. However, appellee later discovered a notice of appearance filed by Attorney Conley, as well as an application to pay his attorney fees from the estate and a canceled check from the estate to Attorney Conley for his representation of the estate in mediation. Tr. 26. Attorney Kettlewell then indicated to appellee that this evidence did indicate a relationship and therefore a duty owed to the estate by Attorney Conley, such that he would not be able to represent appellant Paula Clark antagonistically against the estate. Tr. 27. Although the civil action against Attorney Conley was ultimately dismissed and appellee's malpractice carrier settled Attorney Conley's third-party cause of action against appellee, the court did not abuse its discretion in rejecting appellants' argument that the suit against Attorney Conley was frivolous where appellee's position was supported by an expert in matters of attorney professional responsibility.

{¶15} The trial court did not abuse its discretion in overruling appellants' motion to direct reimbursement. The assignment of error is overruled, and the judgment of the Stark County Common Pleas Court, Probate Division, is affirmed. Costs assessed to appellants.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.